TROTT, Circuit Judge:
 

 Debtor Jerome Berg (“Berg”) appeals from the decision of the Ninth Circuit Bankruptcy Appellate Panel (“BAP” or “the Panel”) affirming a decision of the bankruptcy court. The Panel held that an award of attorneys’ fees imposed as a sanction for frivolous conduct in litigation is not subject to the automatic stay imposed by 11 U.S.C. § 362(a) when a debtor files for bankruptcy. The Panel held that instead, the award of sanctions falls under the “government regulatory power” exemption of § 362(b)(4). Berg challenges this decision. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we AFFIRM.
 

 I BACKGROUND
 

 This appeal arises out of a related case that came before us in 1994 in which Berg served as counsel of record.
 
 See Smith v. Ricks,
 
 31 F.3d 1478 (9th Cir.1994). In that case, Berg represented a cardiologist,
 
 *1167
 
 Dr. John Smith, who sued Good Samaritan Hospital (“Good Samaritan” or “the Hospital”) and several of its physicians and board members for antitrust violations after he was removed from the Hospital staff. After losing in district court, Dr. Smith, represented by Berg, appealed to this court. We affirmed the findings of the district court. We also sanctioned Berg pursuant to Rule 38 of the Federal Rules of Appellate Procedure (“Rule 38”) for prosecuting a frivolous appeal, and ordered him to pay the Hospital’s attorneys’ fees incurred in connection with the appeal.
 
 See Smith v. Ricks,
 
 31 F.3d at 1489.
 

 On September 9, 1993, while the appeal in
 
 Smith v. Ricks
 
 was proceeding, Berg filed a Chapter 11 Bankruptcy Petition in the Bankruptcy Court for the Northern District of California. He gave no notice to this court of that filing. When counsel for Good Samaritan discovered that Berg’s bankruptcy petition was pending, they determined that they needed to obtain relief from the automatic stay before proceeding to judgment and liquidating the claim for fees and costs. In seeking this relief from the bankruptcy court, the Hospital contended that the award of sanctions was not subject to the automatic stay at all, but instead fell under the government regulatory power exemption in § 362(b)(4). The bankruptcy court granted the Hospital relief from the stay on these grounds, and the BAP affirmed this decision.
 
 See In re Berg,
 
 198 B.R. 557 (9th Cir. BAP 1996). This appeal followed.
 

 II DISCUSSION
 

 1. Standard of Review
 

 We review the BAP’s interpretation of the bankruptcy code
 
 de novo. See In re Celebrity Home Entertainment, Inc.,
 
 210 F.3d 995, 997 (9th Cir.2000).
 

 2. Applicability of the Government Regulatory Exemption
 

 Title 11 U.S.C. § 362(a) provides that all collection activities taken or suits brought against a debtor must cease when he or she files for bankruptcy. The petition for bankruptcy operates as an automatic stay on all such activities.
 
 See id.
 
 However, the government regulatory exemption of § 362(b)(4) provides that the filing of a petition for bankruptcy does not stay “the commencement or continuation of an action or proceeding by a governmental unit ... to enforce such governmental unit’s ... police and regulatory power.” 11 U.S.C. § 362(b)(4) (Supp. 2000). This exemption “prevent[s] the bankruptcy court from becoming a haven for wrongdoers.”
 
 O’Brien v. Fischel,
 
 74 B.R. 546, 550 (D.Haw.1987).
 

 The specific issue of whether the government regulatory exemption applies to an award of sanctions for frivolous conduct in litigation is one of first impression in this circuit. To decide it, we use two tests to determine whether the section 362(b)(4) exemption applies: the “pecuniary purpose” test and the “public policy” test.
 
 See In re Universal Life Church,
 
 128 F.3d 1294, 1297 (9th Cir.1997). In
 
 Universal Life Church,
 
 we explained the two tests as follows:
 

 Under the pecuniary purpose test, the court determines whether the government action relates primarily to the protection of the government’s pecuniary interest in the debtor’s property or to matters of public safety and welfare. If the government action is pursued solely to advance a pecuniary interest of the governmental unit, the stay will be imposed. The public policy test “distinguishes between government actions that effectuate public policy and those that adjudicate private rights.”
 

 Id.
 
 (citations omitted). The question in this case, then, is whether Rule 38 sanctions relate primarily to the protection of the government’s pecuniary interest in the debtor’s property, or to matters of public policy.
 

 Several other courts have explicitly addressed the issue presented in this case. The majority of those courts agree that a claimant may proceed to collect attorneys’ fees imposed as a sanction for the debtor’s improper conduct in litigation without re
 
 *1168
 
 gard to the automatic stay.
 
 [1]
 
 For example, in
 
 Alpern v. Lieb,
 
 11 F.3d 689 (7th Cir.1993), the Seventh Circuit stated:
 

 A litigant should not be allowed to delay the imposition of sanctions indefinitely by the expedient of declaring bankruptcy. Allowing him to do so would not only increase the number of bankruptcy filings but also create incentives for unprofessional conduct in litigation by firms or individuals teetering on the edge of the bankruptcy abyss.
 

 Id.
 
 at 690. While
 
 Alpern
 
 is the only circuit court opinion on point, several district and bankruptcy courts have also concluded that sanctions for attorney misconduct are not subject to the automatic stay.
 
 See Maritan v. Todd,
 
 203 B.R. 740, 741 (N.D.Okla.1996);
 
 In re Williams,
 
 158 B.R. 488, 491 (Bankr.D.Idaho 1993);
 
 O’Brien,
 
 74 B.R. at 550. We adopt the reasoning of these cases and hold that § 362(b) (4)’s government regulatory exemption exempts from the automatic stay an award of attorneys’ fees imposed under Rule 38 as a sanction for unprofessional conduct in litigation. We do so because it is clear that the purpose of such sanctions is to effectuate public policy, not to protect private rights or the government’s interest in the sanctioned person’s property.
 

 Berg’s arguments as to why the automatic stay should apply are unpersuasive. In an overly-literal interpretation of the phrase “pecuniary purpose test,” Berg maintains that because the sanctions will inure to the benefit of a private party, the government regulatory exemption of § 362(b)(4) is inapplicable. Several cases have addressed and rejected this argument. For example, the
 
 O’Brien
 
 court noted that although private parties may benefit financially from sanctions, the deterrent effect of monetary penalties can be essential for the government to protect its regulatory interests.
 
 See O’Brien,
 
 74 B.R. at 551;
 
 see also E.E.O.C. v. Rath Packing Co.,
 
 37 B.R. 614 (S.D.Iowa 1984) (allowing the Equal Employment Opportunity Commission to obtain a judgment against a bankrupt employer even though the monetary penalty would inure to the benefit of individuals harmed by the employer’s acts). We find the reasoning of these cases to be persuasive.
 

 Because we affirm the BAP on the ground that the government regulatory exemption applies to the award of attorneys’ fees, we need not address the issue of whether Good Samaritan was entitled to relief from the stay for equitable reasons. Nor will we address Berg’s argument that the imposition of sanctions in
 
 Smith v. Ricks
 
 violated his right to due process, because his contention is barred by
 
 res judicata.
 

 Ill CONCLUSION
 

 In sum, the weight of authority and sound public policy support the conclusion that the § 362(b)(4) governmental regulatory exemption applies to this court’s award of attorneys’ fees as a sanction for a Rule 38 violation.
 

 AFFIRMED.
 

 [1]
 

 . The only contrary authority is
 
 Brandt v. Schal Associates, Inc.,
 
 131 F.R.D. 512, 514 (N.D.Ill.1990),
 
 aff'd on other grounds,
 
 960 F.2d 640 (7th Cir.1992). However, the
 
 Brandt
 
 court simply stated, without discussion, that it had reviewed the reasoning of
 
 O’Brien v. Fischel
 
 and found it unpersuasive.
 
 See Brandt,
 
 131 F.R.D. at 514.