In re Darryl S. CHAPMAN, Debtor.

United States of America, Appellant,

v.

Michael P. Klein, Chapter 7 Trustee, Appellee.

BAP No. WW–00–1124RYRH.

Bankruptcy No. 99–08206.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on May 25, 2001.

Filed July 12, 2001.

Diane E. Tebelius, Richard Cohen, United States Attorney's Office, Seattle, WA, for United States of America.

Michael P. Klein, Ch. 7 Trustee, Seattle, WA, Pro se Appellee.

Before RYAN, RUSSELL, and HAINES,[1] Bankruptcy Judges.

1. Hon. Randolph J. Haines, Bankruptcy Judge for the District of Arizona, sitting by

## OPINION

RYAN, Bankruptcy Judge.

Darryl S. Chapman ("Debtor") owned a home in Silverdale, Washington (the "Property") that was the subject of a civil forfeiture action (the "Action") brought by the United States in the United States District Court, Western District of Washington, at Tacoma (the "District Court"). The Property was arrested and seized because the government alleged that it was used for the manufacture and distribution of marijuana. Before a ruling on the Action, Debtor filed a chapter 7[2] bankruptcy case. The government and the chapter 7 trustee ("Trustee") stipulated to have the reference withdrawn in order for the District Court to rule on Trustee's motion to sell the Property. The District Court granted Trustee's request to sell free and clear of interests to the extent that the government's interest in the Property did not vest by forfeiture and remanded the issue of the applicability of the automatic stay to the bankruptcy court. On remand, the bankruptcy court held that (1) the Action was automatically stayed, (2) § 362(b)(4) did not except the Action from the automatic stay, and (3) to the extent that the government had a forfeiture claim, it should be submitted by a proof of claim under § 726(a)(4).

The government timely appealed the bankruptcy court order, arguing that the Action was excepted from the automatic stay as an exercise of its police or regulatory power. We agree with the government's position and REVERSE and REMAND.

## I. FACTS

On September 14, 1998, the government commenced the Action against the Proper-

designation.

ty. The government alleged that the Property was used to facilitate the illegal growing of marijuana and was therefore subject to forfeiture to the United States. Before the Action was heard by the District Court, Debtor filed his chapter 7 case on July 14, 1999. Later, Debtor abandoned any interest he had in the Property, and Trustee moved to sell it and stay the Action. The government and Trustee stipulated to the withdrawal of reference of the matter to the District Court.

The government argued to the District Court that the Property was not property of the estate because under the forfeiture law the government's right to the Property related back and vested when the wrongful act was committed, which was prior to the filing of the bankruptcy case. Trustee responded that the Property was property of the estate because the relation-back doctrine did not apply unless the government first obtained a judgment of forfeiture. The District Court agreed with Trustee's position on the relation-back issue.

Regarding Trustee's stay request, Trustee argued that when Debtor filed his bankruptcy, he lost his interest and the Property became property of the estate. Trustee also asserted that he was given the status of a bona fide purchaser at the time of the filing with the right to sell the Property free and clear of avoidable interests. Finally, Trustee argued that the government is limited to a § 726(a)(4) claim in the bankruptcy case. The government responded that the automatic stay did not apply because the Action was punitive in nature and therefore § 362(b)(4) applied to except the Action from the automatic stay as an exercise of the government's police or regulatory power.

---

**2.** Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

Rather than decide the automatic stay issue, on December 15, 1999, the District Court remanded it to the bankruptcy court. It also approved the sale motion to the extent the government's interest in the Property did not vest through a forfeiture judgment.

On February 11, 2000, the bankruptcy court conducted a hearing on the automatic stay issues. The bankruptcy court determined that § 362(b)(4) did not except the Action from the automatic stay. It approved the sale of the Property free and clear of liens and ordered any interests in the Property to attach to the proceeds of the sale (the "Proceeds"), including any interest that the government might have based on the Action. The order provided that the Proceeds would be substituted as the *res* in the Action and that the sale was not meant to affect the jurisdiction of the District Court over the Action. The bankruptcy court also held that the government was entitled to submit a proof of claim on any forfeiture claim in accordance with § 726(a)(4).

The government timely appealed the bankruptcy court's determination that the automatic stay applied to the Action.

## II. ISSUE

Whether the bankruptcy court erred in holding that the Action was not excepted from the automatic stay under § 362(b)(4).

## III. STANDARD OF REVIEW

■ The determination that a particular action is exempt from the automatic stay is a question of law reviewed *de novo*. *See Berg v. Good Samaritan Hosp. (In re Berg)*, 198 B.R. 557, 560 (9th Cir. BAP

1996) (citation omitted), *aff'd*, 230 F.3d 1165 (9th Cir.2000).

## IV. DISCUSSION

Under § 362(a), once a bankruptcy case is filed, an automatic stay arises to prevent creditors of the debtor from taking any actions in connection with their prepetition claims against the debtor, property of the debtor, or property of the estate. However, § 362(b)(4) provides that a bankruptcy filing does not stay the actions of a governmental unit enforcing its police or regulatory power.

Trustee seeks to retain the Property for the benefit of all creditors of the estate, including the government. Under the distribution scheme in chapter 7, the government would take in fourth priority after all timely and tardily filed unsecured claims are paid. *See* 11 U.S.C. § 726(a)(4). Obviously, the government is not pleased with this arrangement because it asserts a claim to the Proceeds under the forfeiture laws since the Property was used in connection with the illegal growing of marijuana. *See* 21 U.S.C. § 881(a)(7).[3] Therefore, the government contends that it has the right to prosecute the Action and obtain a forfeiture judgment against the Property because § 362(b)(4) exempts it from the automatic stay.

The bankruptcy court recognized a tension here between §§ 362(b)(4) and 726(a)(4). It acknowledged that the outcome might be different if the government had obtained a forfeiture judgment before the filing of the bankruptcy case. However, because it had not, the Property was property of the estate. It therefore concluded that the automatic stay applied and that any forfeiture claim asserted by the government was subject to § 726(a)(4).

**3.** In effect, the government is arguing that due to the forfeiture, it is the owner of the property, not merely a creditor with a claim.

Although the Property has been sold, the bankruptcy court specified in its order that the Proceeds would constitute the *res* in the Action. So, the question is whether the government should be stayed from proceeding in the Action to obtain a forfeiture judgment against the Proceeds. The District Court agreed with Trustee that until there was a forfeiture judgment, the Property would not relate back and vest in the government. In *United States v. A Parcel of Land, Bldgs., Appurtenances & Improvements, Known as 92 Buena Vista Ave., Rumson, NJ*, 507 U.S. 111, 113 S.Ct. 1126, 122 L.Ed.2d 469 (1993), the Supreme Court in a forfeiture action against a home purchased from the proceeds of illegal sales of controlled substances stated that "[t]he Government cannot profit from the common-law doctrine of relation back until it has obtained a judgment of forfeiture." *Id.* at 129, 113 S.Ct. 1126. Here, because the government did not have a forfeiture judgment, the Property was property of the estate when Debtor filed his bankruptcy case. Generally, property of the estate is protected against actions of pre-petition claimants by the automatic stay.

Trustee argues that (1) the government is not exercising its "police and regulatory power" because the Action is acquisitive in nature, (2) the government should not be able to use § 362(b)(4) to seize estate property, and (3) the specific references to "forfeiture" in §§ 726(a)(4) and 523(a)(7) trump the more general reference to "police and regulatory power" in § 362(b)(4).

1.  The Government Is Exercising Its Police Or Regulatory Power.

Addressing Trustee's first argument, the Ninth Circuit applies the "pecuniary purpose" and the "public policy" tests in determining whether § 362(b)(4) applies. *See Universal Life Church, Inc.*

*v. United States (In re Universal Life Church, Inc.)*, 128 F.3d 1294, 1297 (9th Cir.1997) (Internal Revenue Service's revocation of debtor's charitable tax status was within § 362(b)(4)); *Berg v. Good Samaritan Hosp. (In re Berg)*, 230 F.3d 1165 (9th Cir.2000) (sanctions award for debtor's frivolous conduct in litigation was covered by § 362(b)(4)). *See also Massachusetts v. First Alliance Mortgage Co.*, 263 B.R. 99, 105–07 (9th Cir. BAP 2001) (applying same "pecuniary purpose" and "public policy" tests applied in *Universal*). The pecuniary purpose test reviews whether the government acted primarily to protect its pecuniary interest in the debtor's property or the public safety and welfare. *See Universal*, 128 F.3d at 1297. If it is the former, the stay applies. The public policy test examines whether the government's actions are motivated to effectuate public policy or private rights. Satisfaction of either test will suffice. For example, in *Universal*, the court determined that the revocation promoted the public welfare by making sure that contributions by donors were used for legitimate charitable purposes. *Id.*

Applying these tests to the Action, Congress "may constitutionally regulate intrastate criminal cultivation of marijuana plants found rooted in the soil." *United States v. Visman*, 919 F.2d 1390, 1393 (9th Cir.1990). The court deferred to "Congress' findings that controlled substances have a detrimental effect on the health and general welfare of the American people and that intrastate drug activity affects interstate commerce." *Visman*, 919 F.2d at 1393 (*citing United States v. Rodriquez–Camacho*, 468 F.2d 1220 (9th Cir. 1972)).

Forfeitures in connection with drug offenses are set forth in 21 U.S.C. § 881. Thus, real property that is used in the commission of a drug-related crime is for-

feitable. *See* 21 U.S.C. § 881(a)(7); *Austin v. United States,* 509 U.S. 602, 620, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). By approving the forfeiture provisions of 21 U.S.C. § 881, Congress acknowledged the inadequacy of fines and imprisonment in deterring and punishing those involved in the lucrative drug trade. *Id.*

Given this history, the forfeiture of real property is a necessary law enforcement tool in combating the trafficking of illegal drugs. The drug policies implemented by Congress have been designed to protect the health, safety, and general welfare of the American people. Here, the Property is alleged to have been used to facilitate the illegal manufacture and distribution of marijuana. The Action seeks the forfeiture of the Property in accordance with 21 U.S.C. § 881(a)(7). The pecuniary purpose test is satisfied because the government's primary motive is to punish Debtor and enforce a policy that is meant to deter not only Debtor but others who might be tempted to traffic in illegal drugs. *See Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 686–87, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974); *Austin,* 509 U.S. at 622, 113 S.Ct. 2801. Even though the government ultimately might obtain a pecuniary benefit if successful in the Action, this does not change the primary purpose behind 21 U.S.C. § 881(a)(7), which is to punish and deter offenders rather than to compensate and reward the government for pursuing the Property.

As for the public policy test, the government is not seeking through the Action to litigate private rights. Instead, as previously discussed, the government's primary motive here is to protect the public welfare from the ravages of illegal drugs. This is a laudable public policy. Therefore, the government has satisfied the public policy test.

Accordingly, the Action is a proceeding by the government to enforce its police or regulatory power.

2. The Government Can Use § 362(b)(4) to Proceed Against the Property.

Trustee next argues that the government should not be able to use § 362(b)(4) to obtain a forfeiture judgment against the Property. This argument requires an analysis of § 362(b)(4), especially in light of the 1998 amendment. Section 362(b)(4) provides that the filing of a bankruptcy petition does not operate as a stay

> under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit ... to enforce such governmental unit's ... police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's ... police or regulatory power.

11 U.S.C. § 362(b)(4).

In 1998, § 362(b)(4) was amended by combining §§ 362(b)(4) and (5) and expanding the scope of the exception to cover proceedings "to obtain possession of property of the estate ... or to exercise control over property of the estate." *Sec. & Exch. Comm. v. Brennan,* 230 F.3d 65, 74 (2d Cir.2000). Before the amendment, § 362(b)(4) excepted actions covered by § 362(a)(1), and § 362(b)(5) authorized a governmental unit to enforce a non-money judgment free of the § 362(a)(2). *See Hillis Motors, Inc. v. Hawaii Auto. Dealers' Assoc.,* 997 F.2d 581, 591 (9th Cir.1993).

In *Hillis,* the Hawaii Department of Commerce and Consumer Affairs (the "HDCCA") sought to dissolve the corporate debtor. The Ninth Circuit held that this violated § 362(a)(3) which stays "any

act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." *Id.* at 586; 11 U.S.C. § 362(a)(3). The court stated that (b)(4) and (b)(5) were not applicable to actions covered by § 362(a)(3). *See Hillis,* 997 F.2d at 591. Therefore, the HDCCA violated the automatic stay by exercising control over property of the estate. Interestingly, the court also stated that "the terms 'police or regulatory power' as used in those exceptions refer to the enforcement of state laws affecting health, morals, and safety but not regulatory laws that directly conflict with the control of the *res* or property by the bankruptcy court." *Hillis,* 997 F.2d at 591 (*citing In re Missouri v. U.S. Bankr. Court for the E.D. of Ark.,* 647 F.2d 768, 776 (8th Cir.1981)).

■ However, the change to § 362(b)(4) in 1998 added § 362(a)(3) to those sections of § 362(a) that were excepted from the automatic stay. According to a leading treatise, the addition of (a)(3) should be read to mean that "acts to obtain possession or exercise control over property of the estate . . . would not be stayed. This expansion of the exception to stay should be read . . . so that the expansion covers only the enforcement of nonmoney judgments." 3 LAWRENCE P. KING, COLLIER ON BANKRUPTCY, ¶ 362.05[5][b], at 362–60 (15th ed.2001). This makes sense because the historical limitation imposed by the previous § 362(b)(5), which did not except from the stay the enforcement of money judgments, is preserved. This interpretation also is consistent with the language of the new § 362(b)(4), which allows "enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's . . . police or regulatory power." 11 U.S.C. § 362(b)(4). Therefore, a governmental unit can obtain a money judgment or a judgment for possession, but it cannot enforce a money judgment without obtaining relief from the automatic stay in the bankruptcy court.

Applying this interpretation of § 362(b)(4) to the Action, the government is not subject to the stay in proceeding against the Property to obtain a forfeiture judgment. Trustee cites *Georgia v. Bell (In re Bell),* 215 B.R. 266 (Bankr.N.D.Ga. 1997), for its holding that because the forfeiture action is an *in rem* action against the property rather than the debtor, § 362(b)(4) did not except the action from the stay. However, *Bell* was prior to the 1998 amendment to § 362(b)(4). With the addition of (a)(3) to § 362(b)(4) as explained above, an *in rem* action is excepted from the stay. In other words, if *Bell* were decided today, the result would likely be different.

Trustee also argues that before the granting of a forfeiture judgment, all the government has is an inchoate interest in the Property. *See Buena Vista,* 507 U.S. at 129, 113 S.Ct. 1126. Trustee likens the government's position to that of an unsecured creditor before the creditor has a judgment. However, the difference here is that the government is given a right under § 362(b)(4) that is not available to a non-governmental entity.

Accordingly, because the government is a governmental unit exercising its police or regulatory power against the Property in accordance with the requirements of § 362(b)(4), it can proceed against the Property.

3. Sections 726(a)(4) and 523(a)(7) Do Not Trump § 362(b)(4).

■ Lastly, Trustee argues that the specific references to "forfeiture" in §§ 726(a)(4) and 523(a)(7) should trump the general provision of § 362(b)(4). Ac-

cording to § 726(a)(4), forfeiture claims are paid after all timely and late-filed unsecured claims. As for § 523(a)(7), it provides that a forfeiture claim payable to a governmental unit is nondischargeable as long as it is not compensation for an actual pecuniary loss or a specified tax penalty. Trustee asserts that the government is limited to these specific rights. Certainly, if the government were seeking to be paid on a forfeiture claim from property of the estate, it would get paid in accordance with § 726(a)(4). Moreover, if it were not paid in full, the government might be able to assert that its claim was nondischargeable under § 523(a)(7). However, these provisions do not conflict with the government's right to proceed outside of the bankruptcy court to liquidate its forfeiture claim.[4]

Now, Trustee's problem is that once the government obtains a forfeiture judgment, it can assert that the Proceeds are not property of the estate based on the relation-back doctrine: This is what troubled the bankruptcy court. The bankruptcy court saw the Action as circumventing the distribution priorities in § 726 and preferring the government over unsecured creditors. However, the bankruptcy court was directed by the District Court to determine if the stay applied to the Action. In deciding that it did, the bankruptcy court reasoned that if the government was able to proceed with the Action and liquidate its forfeiture claim, the Property would relate back to the government and would not be property of the estate. To prevent this result, the bankruptcy court held that "this property is subject to the automatic stay, and that the police power of the government is limited by the fact that [§ ] 726(a)(4) in these situations would recognize that the priority of … forfeiture is

subordinate to the creditors." Tr. of Proceeding (Feb. 11, 2000), at 5.

The problem with this holding is that it is inconsistent with § 362(b)(4) and the remand of the District Court. The District Court remanded the proceeding to the bankruptcy court for the sole purpose of determining whether the automatic stay applied to the government's forfeiture action. The impact of a finding whether or not the stay applied was to be decided by the District Court, not the bankruptcy court.

As previously discussed, there is no conflict between § 726(a) (4) and § 362(b)(4). Indeed, the conflict here arises because of the relation-back doctrine and the possibility that the Property, when all is said and done, may not be property of the estate. However, if that happens, it is because that is the appropriate result under the law. Under § 362(b)(4), the government is not stayed from pursuing the Action to judgment even if the end result is that the Proceeds are not property of the estate.

Accordingly, by reason of § 362(b)(4), the automatic stay does not apply to the Action. Therefore, the bankruptcy court erred by holding that § 362 stayed the government from proceeding with the Action.

## V. CONCLUSION

In sum, the government can proceed with the Action because § 362(b)(4) grants the government that right and there is nothing in that exercise that conflicts with §§ 726(a)(4) or 523(a)(7).

We REVERSE and REMAND for the bankruptcy court to vacate the portion of

---

4. In any case, because the government has never attempted to obtain a money claim against either the debtor or the bankruptcy estate, § 726(a)(4) and § 523(a)(7) are irrelevant to whether § 362(b)(4) applies.

its order imposing the automatic stay on the Action.