MEMORANDUM*
Silver Sage Partners, Ltd. (“Silver Sage”) appeals the district court’s affirmance of the bankruptcy court, which denied Silver Sage’s motion for complete relief from the bankruptcy stay and granted partial relief. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm. Because the facts are familiar to the parties, we will not recite them here.
Silver Sage’s best argument is that the “for cause” exception to the stay set forth in 11 U.S.C. § 362(d)(1) applies because the City of Desert Hot Springs (“City”) filed for bankruptcy in bad faith and/or failed to meet the prerequisites for filing. Silver Sage loses the argument, however, because it has introduced insufficient evidence of bad faith. That City officials may have misunderstood Chapter 9 bankruptcy proceedings or have been overly optimistic about their result does not show that they consciously desired to evade the law.
Silver Sage also argues that the City failed to satisfy two of the five prerequisites for filing.[1] Assuming that a motion for relief from stay — as opposed to a motion to dismiss — is a proper vehicle to challenge the City’s bankruptcy filing as a whole and that we can consider this issue, the City’s filing was proper. The bankruptcy court did not err (much less clearly err[2]) when it concluded that the City was insolvent. When one includes the City’s debt to Silver Sage, which became due when the mandate from this court issued on November 2, 2001, the City was indeed insolvent. Moreover, the bankruptcy court did not err when it held that the City satisfied the final requirement.[3] Negotiation with Silver Sage was impracticable in light of Silver Sage’s past history of freezing the City’s assets and its unwillingness to agree not to do so again.
Silver Sage offers a creative argument that an exception to the stay applies to this case because the court is a governmental unit enforcing its police and regulatory power.[4] However, the plain language of the statute defeats their argument. The statute makes no provision for parties acting as private attorneys general, and it clearly does not refer to court enforcement of judgments won by private parties.[5] The fact that courts may be considered governmental units when they enforce their own inherent powers and interests[6] does nothing to help Silver Sage.
Silver Sage conceded at oral argument that no violation of state law has occurred. Even without that concession, however, this panel would not consider the Tenth Amendment argument as Silver Sage failed to raise it before the district court *125 and therefore waived it.[7]
For the foregoing reasons, we AFFIRM the district court.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. 11 U.S.C. § 109(c).

. Carrillo v. Su, 290 F.3d 1140, 1142 (9th Cir.2002).

. Id.

. See 11 U.S.C. § 362(d).

. Id.

. See, e.g., Berg v. Good Samaritan Hosp., 230 F.3d 1165, 1168 (9th Cir.2000).

. United States v. Klimavicius-Viloria, 144 F.3d 1249, 1266 (9th Cir.1998).