[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13871

_____

D.C. Docket No. 0:07-cr-60172-JAL-1

UNITED STATES OF AMERICA,

Plaintiff,

versus

PATRICK COULTON,

Defendant–Appellee,

versus

EMMANUEL ROY,

Respondent–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 25, 2014)

Before ED CARNES, Chief Judge, RESTANI,[*] Judge, and MERRYDAY,[**] District Judge.

PER CURIAM:

A June 2007 indictment in the Southern District of Florida charged Patrick Coulton with a formidable array of drug and money-laundering offenses. Although not admitted to practice in the Southern District of Florida, Emmanuel Roy (now disbarred and imprisoned) appeared in this criminal action as counsel for Coulton. To compensate Roy for the representation, Coulton's wife transferred to Roy a vehicle, jewelry, and real property. Unaware of Mrs. Coulton's payments, other members of Coulton's family further compensated Roy with cashier's checks. In total, Roy accepted from Coulton's wife and Coulton's other family members a grossly excessive fee for representation that was both illicit and ineffective.

After discovering the excessive compensation, Coulton moved for "return of unearned legal fees and imposition of sanctions." A September 16, 2011

---

[*] Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation.

[**] Honorable Steven D. Merryday, United States District Judge for the Middle District of Florida, sitting by designation.

disgorgement order grants the motion and directs Roy to return the legal fees, to cooperate with Coulton in effecting the return, and — if Roy otherwise failed to comply with the disgorgement order — to submit personal and business financial affidavits. Roy wholly failed to comply with the order, and Coulton moved for contempt.

The magistrate judge held eight hearings on Coulton's motion for contempt. After initially testifying that he was "penniless," Roy declined under the Fifth Amendment to respond to Coulton's questions about his ability to comply with the district court's disgorgement order. Roy called several witnesses in an effort to prove that he neither had money nor owned any other valuable asset and that, therefore, his compliance with the disgorgement order was impossible.

The magistrate judge found that Roy had "intentionally divested himself of assets, used corporate alter-egos to maintain bank accounts, and used friends and relatives to hold his assets as nominees." Although strongly suspecting that Roy retained undisclosed wealth, the magistrate judge "reluctantly" concluded that "none of the testimony elicited by Coulton established conclusively that Roy had the present ability to comply with the financial obligations of the Court's [disgorgement] Order." Regardless, because Roy failed to comply with the cooperation and disclosure portions of the order, neither of which required assets

3

for compliance, the magistrate judge recommended finding Roy in contempt and sanctioning Roy.  Adopting the report and recommendation, the district judge sanctioned Roy for the attorney's fees and costs incurred by Coulton "in connection with" the contempt proceeding.

Before the magistrate judge's final hearing in the contempt proceeding, Roy filed a petition in bankruptcy.  Relying on the automatic stay under 11 U.S.C. § 362(a), Roy attempted to halt the magistrate judge's contempt proceeding.  Both the magistrate judge and the district judge determined that, because the imposition of contempt against Roy was necessary to "enforce [the court's] police or regulatory power," Section 362(b)(4) exempted the contempt proceeding from the automatic stay.  Further, although the magistrate judge's report and recommendation and the district judge's order adopting the report and recommendation each discusses in detail Roy's financial ability to pay the disgorgement amount, neither order explicitly evaluates Roy's financial ability to pay the sanction.

Roy appeals the district court's order, which adopts the magistrate judge's report and recommendation, finds Roy in contempt, and imposes on Roy a monetary sanction.  Roy argues that the court's assessing the sanction against Roy impermissibly violated the automatic stay under Section 362(a) and that the court

4

erroneously imposed the sanction against Roy without explicitly evaluating Roy's ability to pay the sanction.

## 1. Standard of review

A civil contempt order is reviewed for abuse of discretion. *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991). A fact-finding is reviewed for clear error. *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1545 (11th Cir. 1996). A sanction is reviewed for abuse of discretion. *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). Whether the Section 362(b)(4) regulatory exception applies to a civil contempt proceeding under the circumstances of this action is a question of law for *de novo* review. *See In re Morgan*, 182 F.3d 775, 777 (11th Cir. 1999) (interpreting and applying the bankruptcy code involve questions of law subject to *de novo* review); *In re Berg*, 230 F.3d 1165, 1167 (9th Cir. 2000) (applying the Section 362(b)(4) exception involves interpreting the bankruptcy code and is subject to *de novo* review).

## 2. Bankruptcy stay

In his report and recommendation, the magistrate judge acknowledged that the automatic stay attendant to a petition in bankruptcy usually halts a judicial proceeding against a debtor. However, under Section 362(b)(4), "[t]he filing of a

5

[bankruptcy] petition . . . does not operate as a stay . . . of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power . . . ."

Relying primarily on *In re Berg*, 230 F.3d 1165, 1168 (9th Cir. 2000), which holds that Section 362(b)(4) "exempts from the automatic stay an award of attorneys' fees imposed under Rule 38 as a sanction for unprofessional conduct in litigation," the magistrate judge found that Section 362(b)(4) applies to the contempt proceeding against Roy:

> Here, sanctions were imposed on Roy . . . , in part, for [his] reprehensible behavior as [an] officer[] of the court and for the abuse of [his] fiduciary position with respect to [his] client. Moreover, the Court's Order was predicated . . . upon . . . the Court's inherent powers to vindicate its authority. The Court found that Roy . . . , *inter alia*, had acted in bad faith and had caused the unreasonable and vexatious multiplication of the proceedings. Thus, the undersigned finds that the instant matter is exempted from the automatic stay provisions of the Bankruptcy Code. To find otherwise would reward wrongful behavior and sly craftsmanship.

Adopting the report and recommendation, the district judge declined to stay the contempt proceeding.

Although Roy argues that *In re Berg* "was a narrow decision that does not apply," Roy cites no limiting words in *In re Berg*, and no limiting words appear. *In re Berg*, 230 F.3d at 1168, upholds the district judge's "sanction for

6

unprofessional conduct . . . because it is clear that the purpose of [the district court's] sanction[] is to effectuate public policy, not to protect private rights or the government's interest in the sanctioned person's property." Further, demonstrating broad applicability, *In re Berg*, 230 F.3d at 1167–68, states, "Several other courts have explicitly addressed the issue presented in this case. The majority of those courts agree that a claimant may proceed to collect attorneys' fees imposed as a sanction for the debtor's improper conduct in litigation without regard to the automatic stay."

In this action, the magistrate judge clarified that the primary purpose of Roy's sanction was neither to protect Coulton's property nor to protect the government's interest in Roy's property. The magistrate judge explained that the sanction aims to vindicate the interest of the judiciary by redressing Roy's "wil[l]ful disregard of the Court's authority resulting in the Court having to expend its efforts and resources unnecessarily." Thus, in accord with *In re Berg*, the district court properly declined to stay the contempt proceeding.

Also, Roy argues that the automatic stay barred the sanction in this action because Coulton, not the government, moved for the sanction. As noted above, Section 362(b)(4) states, "The filing of a [bankruptcy] petition . . . does not operate as a stay . . . of the commencement or continuation of an action or proceeding by a

7

governmental unit . . . to enforce such governmental unit's . . . police and regulatory power . . . ." Roy bases his interpretation of Section 362(b)(4) on *U.S. International Trade Commission v. Jaffe*, 433 B.R. 538, 543 (E.D. Va. 2010) (Ellis, J.), which states, "[B]y its plain terms, § 362(b)(4) applies only where . . . the action is brought by the government . . . ." *Jaffe* supports Roy's argument, if at all, less than the selected quote suggests. Favorably citing *United States ex rel. Doe v. X, Inc.*, 246 B.R. 817 (E.D. Va. 2000) (Ellis, J.), which holds that a private party's *qui tam* action is "brought" by the government even if the government has not intervened, *Jaffe*, 433 B.R. at 544, holds that a governmental investigation is "brought" by the government even if a private party's complaint incited the investigation.

Discussing an action in which a district court granted under Section 362(b)(4) a private litigant's motion for a Rule 11 sanction, *Alpern v. Lieb*, 11 F.3d 689, 690 (7th Cir. 1993), rejects an argument comparable to Roy's:

> Rule 11 is not a simple fee-shifting provision, designed to reduce the net cost of litigation to the prevailing party. It directs the imposition of sanctions for unprofessional conduct in litigation, and while the form of sanction is often and was here an order to pay attorney's fees to the opponent in the litigation, it is still a sanction, just as an order of restitution in a criminal case is a sanction even when it directs that payment be made to a private person rather than to the government. The Rule 11 sanction is meted out by a governmental unit, the court, though typically sought by a private individual or

organization — a nongovernmental litigant, the opponent of the litigant to be sanctioned.  There is no anomaly, given the long history of private enforcement of penal and regulatory law.  The private enforcer, sometimes called a "private attorney general," can be viewed as an agent of the "governmental unit," the federal judiciary, that promulgated Rule 11 in order to punish unprofessional behavior.  The fact that the sanction is entirely pecuniary does not take it out of section 362(b)(4).

(citation omitted).  *Alpern* sees the movant for sanctions as both a private actor and a governmental surrogate enforcing the judiciary's regulatory power through the mechanism of a sanction.  Thus, Section 362(b)(4) applies in this action because the judiciary, acting through Coulton as a surrogate, in effect "brought" the contempt proceeding.

Further, before the final hearing in the contempt proceeding, Coulton filed a "notice of waiver of attorney's fees," in which Coulton (for a reason not apparent in the record) relinquishes his claim for attorney's fees and costs and suggests a contempt order that compels Roy to perform community service.  The district judge construed Coulton's notice as an objection to the magistrate judge's recommendation and overruled the objection.  Quite plainly, the district judge declined Coulton's attempt to spare Roy a monetary sanction and instead, acting purposefully to vindicate the judicial authority, "continu[ed]" the proceeding under Section 362(b)(4) in her determination to sanction Roy.  Notwithstanding that Coulton initiated the claim for contempt, the claim conspicuously became —

9

within the meaning of Section 362(b)(4) — "an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power" no later than the moment of Coulton's abandonment of the claim and the court's continuation and pursuit of the claim.

But the claim for contempt was at all times an action of the court. The court need not move *sua sponte* for a sanction — either before or contemporaneous with a party's motion — to preserve the court's distinct interest in compliance with a court order. With or without a party's motion, the court's interest in compliance with a court order activates immediately in each action in which the court's authority is defied, in each instance in which the court's authority is defied, and as to each actor through whom the court's authority is defied. The pursuit of compliance is — by the nature of the court and by the purpose and effect of a sanction — an action by the court.

The district judge neither abused her discretion nor clearly erred (nor erred at all) in vindicating the regulatory power of the judiciary by continuing the contempt proceeding against Roy despite the automatic stay under Section 362(a) and in accord with the exception prescribed in Section 362(b)(4).

### 3. Roy's ability to pay

Roy argues in his initial brief on appeal that the district judge and the magistrate judge erred by failing, when sanctioning him, to evaluate his ability to pay the sanction. In supporting his argument on appeal, Roy features *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1337 (11th Cir. 2002), which states, "[W]hen exercising its discretion to sanction under its inherent power, a court must take into consideration the financial circumstances of the party being sanctioned." *Martin*, 307 F.3d at 1337, explains the reason for the required financial evaluation:

> Sanction orders must not involve amounts that are so large that they seem to fly in the face of common sense, given the financial circumstances of the party being sanctioned. What cannot be done must not be ordered to be done. And, sanctions must never be hollow gestures; their bite must be real. For the bite to be real, it has to be a sum that the person might actually pay. A sanction which a party clearly cannot pay does not vindicate the court's authority because it neither punishes nor deters.

(citations omitted).

The resolution of Roy's argument requires a brief procedural explanation. In September 2011, the district court ordered Roy to disgorge $275,800 to Coulton, to cooperate with Coulton in the disgorgement, and to disclose to Coulton, if necessary, the details of Roy's financial circumstance. After Roy pervasively

11

failed to comply with the disgorgement order, Coulton moved for contempt. Roy argued against contempt by claiming that his non-compliance was not willful because he was "penniless" and thus, despite best efforts, he was financially unable to comply with the disgorgement order.

The magistrate judge determined (1) that, although Roy perhaps could not have paid the disgorgement amount, Roy could have complied with the disclosure and cooperation components of the disgorgement order and (2) that Roy willfully chose to defy the order. Thus, the magistrate judge recommended both finding Roy in contempt and sanctioning Roy in an amount equal to Coulton's attorney's fees.

Careful review confirms that Roy's argument to the magistrate judge failed to mention a claimed inability to pay a sanction and failed to request an evaluation of Roy's ability to pay a sanction. Because Roy never asserted to the magistrate judge an inability to pay a sanction, the magistrate judge conducted no distinct and explicit evaluation of Roy's ability to pay the sanction.

In only three pages and without citing legal authority, Roy lodged with the district judge seven objections to the magistrate judge's report and recommendation. In the objections, Roy argued that he could not comply with the disgorgement order but argued neither that the magistrate judge erroneously failed

12

to evaluate Roy's ability to pay the sanction nor that Roy could not pay the sanction. Overruling Roy's objections, the district judge adopted the magistrate judge's recommendation and sanctioned Roy. Like Roy and the magistrate judge, the district judge included in her order no evaluation of Roy's ability to pay the sanction.

Roy argues on appeal for reversal of the district court's judgment because neither the magistrate judge nor the district judge evaluated his ability to pay the sanction. Roy raises this argument for the first time in his initial brief on appeal.

For a sound and familiar reason, a party is barred from raising on appeal an argument that the party failed to raise in the district court. As *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004), explains:

> This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court. The reason for this prohibition is plain: as a court of appeals, we review claims of judicial error in the trial courts. If we were to regularly address questions — particularly fact-bound issues — that districts court never had a chance to examine, we would not only waste our resources, but also deviate from the essential nature, purpose, and competence of an appellate court.

(internal quotation marks omitted). Similarly, a district judge need not consider an argument that a party failed to present to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[W]e . . . hold that a district court has

13

discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").

As discussed above, neither Roy's presentation to the magistrate judge nor Roy's presentation to the district judge contains a claim of inability to pay the sanction, contains a demand for an evaluation of his ability to pay the sanction, or contains any other detectible manifestation of the argument that Roy raises for the first time on appeal. Accordingly, because Roy twice failed — once to the magistrate judge and once to the district judge — to request an evaluation of his ability to pay the sanction, Roy is barred from raising the argument on appeal.

Also, a person's claim of inability to pay a sanction is a form of affirmative defense that is waived if not asserted. Considering a similar circumstance, *Willhite v. Collins*, 459 F.3d 866, 870 (8th Cir. 2006), explains:

> The district court did not investigate Van Sickle's ability to pay such a large sanction, but Van Sickle did not express to the district court an inability to pay [the sanction]. If inability to pay [the sanction] was a concern for Van Sickle, it was his "obligation to raise that point before the district court, since he was the one who had that information."

(quoting *Landscape Props., Inc. v. Whisenhunt*, 127 F.3d 678, 685 (8th Cir. 1997)).

At least two other circuits take the same approach. *Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993), holds:

14

> [T]he sanctioned party has the burden to produce evidence of inability to pay [the sanction]. Simple logic compels this result: the sanctioned party knows best his or her financial situation. Canatella, as the sanctioned party, had the burden to produce probative evidence of his inability to pay the sanctions.

(citations omitted). *White v. General Motors Corp.*, 908 F.2d 675, 685 (10th Cir. 1990), holds that the "[i]nability to pay . . . [a] sanction should be treated as reasonably akin to an affirmative defense, with the burden upon the parties being sanctioned to come forward with evidence of their financial status." Of course, if ability to pay is not raised and resolved in the district court, the court of appeals lacks a sufficient record on which to conduct an informed review.

Stated generally, a district court need not explicitly, or even implicitly, evaluate a person's ability to pay a sanction unless that person asserts to the district court an inability to pay the sanction, a claim in the nature of an affirmative defense, on which the asserting person bears the burden of proof. Thus, Roy waived this objection by asserting the objection neither to the magistrate judge nor to the district judge.

## CONCLUSION

The district court's judgment is **AFFIRMED**. However, the district court failed to stay execution of the money judgment against Roy. *See* 11 U.S.C. § 362(b)(4) (exempting from the Section 362(a) automatic stay "the

15

commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . policy and regulatory power, including the *enforcement* of a judgment *other than a money judgment*, obtained in an action or proceeding by the government unit to enforce such governmental unit's . . . police or regulatory power" (emphasis added)); *Collier on Bankruptcy*, Vol. 3, ¶ 362.05[5][b] (16th ed. 2014) ("[T]he governmental unit still may commence or continue any police or regulatory action, including one seeking a money judgment, but it may enforce only those judgments and orders that do not require payment. Enforcement of a money judgment remains subject to the automatic stay.").  This action is **REMANDED WITH INSTRUCTIONS** to stay execution and levy on the money judgment against Roy pending dissolution of the automatic stay under Section 362(a).