**In re Andrew and Mary MUSAELIAN, Debtors.**

**No. 02–11458.**

United States Bankruptcy Court, N.D. California.

July 29, 2002.

Paul M. Jamond, Santa Rosa, CA, for Debtors.

### *Memorandum on Motion for Relief From Stay*

ALAN JAROSLOVSKY, Bankruptcy Judge.

Prior to the commencement of Chapter 13 bankruptcy proceedings, debtor Andrew Musaelian was a defendant in a state court lawsuit brought by plaintiff Joseph Reiter. During the course of that litigation, Musaelian was apparently was cited for contempt by the court for violation of discovery orders.

According to Reiter's counsel, he appeared at a continued hearing on June 22, 2002—ten days after the bankruptcy peti-

tion was filed—and was "requested and directed" by the state court judge to move this court for relief from the automatic stay or obtain a finding that the automatic stay is not applicable to the state court proceedings.

■ The court first notes that any reliance on *Keitel v. Heubel* (2002) 120 Cal. Rptr.2d 216 as authority to act is misplaced. State courts lack the power to issue valid orders or rulings limiting the automatic stay. *In re Gruntz*, 202 F.3d 1074, 1082 (9th Cir.2000). A state appellate court has no more power to make law in this area than a state trial court.

■ On the other hand, the analysis of the court in Keitel was correct. Contempt proceedings brought for a public purpose are not subject to the automatic stay. *In re Berg*, 230 F.3d 1165, 1167 (9th Cir.2000). The key factor is whether public policy is involved.

■ Every court faces two types of contempt proceedings: those resulting from a private squabble among litigants, where the role of the court is merely to enforce the law and move the litigation to conclusion, and those resulting from acts truly offensive to the court and tending to interfere with the administration of justice. An example of the former would be a discovery sanction; examples of the latter might include disrespectful conduct in court or the bringing of a frivolous appeal. In order for contempt proceedings to go forward after bankruptcy, there must be a direct, unattenuated need for them in order to deter wrongful conduct and not just collect money. *S.E.C. v. Brennan*, 230 F.3d 65, 73 (2nd Cir.2000).

■ It is for each state court to decide for itself whether the debtor's prepetition conduct was so offensive to the court that it feels the need, in order to further public policy, to proceed with contempt matters after a bankruptcy has been filed. In this case, however, the court gets the uneasy feeling that Reiter is attempting to clothe his private action against Musaelian in the mantle of public policy. The exception to the automatic stay applies to the court only. To the extent that Reiter or his attorneys participate in any way other than pursuant to direct and unsolicited order of the state court, they risk liability for violation of the automatic stay. *In re Bloom*, 875 F.2d 224, 226 (9th Cir.1989); *In re Goodman*, 277 B.R. 839, 841 (Bkrtcy. M.D.Ga.2001).

For the foregoing reasons, Reiter's motion will be denied, without prejudice to state court contempt proceedings brought by the court alone in order to further public policy. Counsel for Musaelian shall submit an appropriate form of order.