In re KAISER ALUMINUM COR-PORATION, a Delaware Corporation, et al.,

Safety National Casualty Corporation, Appellant,

v.

Kaiser Aluminum & Chemical Corporation, Appellee.

Bankruptcy No. 02–10429–JKF.

Civ.A. No. 02–1580–JJF.

United States District Court, D. Delaware.

Dec. 18, 2003.

Daniel J. DeFranceschi, Patrick M. Leathem, Richards, Layton & Finger, P.A., Wilmington, DE, of counsel: Gregory M. Gordon, Daniel P. Winikka, David G. Adams, Jones Day, Dallas, TX, for Appellee Kaiser Aluminum & Chemical Corporation.

Brian A. Sullivan, Amy D. Brown, Werb & Sullivan, Wilmington, DE, of counsel: Andrew K. Epting, Jr., Sean K. Trundy, Pratt–Thomas, Epting & Walker, P.A., Charleston, SC, for Appellant Safety National Casualty Corporation.

## MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court is an appeal by Safety National Casualty Corporation ("Safety") from the Order of the United States Bankruptcy Court for the District of Delaware entered on September 27, 2002, granting the motion to enforce the automatic stay filed by Kaiser Aluminum & Chemical Corporation ("Kaiser") and denying Safety's motions to compel arbitration and lift the automatic stay. For the reasons set forth below, the Court will affirm the Order of the Bankruptcy Court.

## BACKGROUND

The instant appeal arises in connection with a dispute between Kaiser and Safety related to insurance coverage. In 1984, Safety issued an insurance policy to Kaiser containing an arbitration clause which applied to all disputes arising from the policy. In 2000, Kaiser filed a lawsuit against several of its insurers seeking coverage for its asbestos liability in California (the "California Action"). Kaiser included Lloyd's of London ("Lloyds") in the California action, but, despite circulating a draft amended complaint that named Safety as a defendant, Kaiser did not include Safety in the California Action.

Lloyds filed a cross-complaint against Safety and various other insurers in the California Action for indemnification and contribution in covering Kaiser's asbestos liability. In response to Lloyds's cross-complaint and Kaiser's draft amended complaint, Safety filed a motion to compel arbitration between it and Kaiser in the California Action.

On February 12, 2002, after the filing of Lloyds's cross-complaint but before the filing of Safety's motion to compel arbitration, Kaiser filed for bankruptcy. Although Kaiser notified Safety that it believed that Safety's motion was a violation of the automatic stay in Kaiser's bankruptcy, Safety refused to withdraw its motion. In response, Kaiser filed a motion seeking to enforce the automatic stay and preclude Safety from compelling arbitration.

On September 23, 2002, the Bankruptcy Court held a hearing on Kaiser's motion to enforce the automatic stay. The Bankruptcy Court concluded that Safety willfully violated Section 362 of the Bankruptcy Code by filing its motion to compel arbitration during the pendency of the automatic stay. The Bankruptcy Court also concluded that Safety was not entitled to relief from the stay. However, the Bankruptcy Court did not award Kaiser damages.

## DISCUSSION

### I. Parties' Contentions

By its appeal, Safety contends that it did not willfully violate the automatic stay and that the Bankruptcy Court erred in denying Safety's request for leave from the automatic stay. Safety requests the Court to reverse the Bankruptcy Court's order and compel arbitration between Safety and Kaiser.

In support of its position, Safety contends that arbitration is the appropriate procedure to facilitate the resolution of its dispute with Kaiser. Safety directs the Court to its written agreement with Kaiser containing an arbitration clause and contends that its dispute with Kaiser is covered by this clause. Safety contends that its dispute with Kaiser is not a core matter with respect to Kaiser's bankruptcy and that arbitration of the dispute is also compelled under the Federal Arbitration Act. Safety contends that because arbitration is appropriate under the Federal Arbitration Act, the Bankruptcy Court did not have

the discretion to preclude the parties from arbitrating their dispute.

Safety also contends that the automatic stay should not apply to its attempted arbitration with Kaiser, because Safety did not initiate this action, but rather, Kaiser did. In support of its position that Kaiser is the party initiating the lawsuit requiring arbitration, Safety directs the Court to Kaiser's draft complaint, which was never filed, and its discovery requests, which were withdrawn. Safety also contends that the proposed arbitration does not affect the property of Kaiser's estate, because the arbitration would only involve contractual issues such as the scope of Kaiser's policy.

To the extent that leave from the stay is required for the parties to pursue arbitration, Safety contends that the Bankruptcy Court abused its discretion by declining to grant Safety's motion for relief from the automatic stay. Safety contends that allowing Kaiser to use the automatic stay to prevent arbitration inequitably changes the contract between Kaiser and Safety, and there is no countervailing interest or law justifying such a change. Safety further contends that no lawsuit or written claim is necessary before a court compels arbitration and that Kaiser has made it clear that Safety will be sued eventually, and therefore, arbitration is appropriate.

In response, Kaiser maintains that the Bankruptcy Court correctly found that the automatic stay applies to the proposed arbitration. Kaiser contends that its rights under the disputed insurance policy are property of the estate and that coverage disputes are within the purview of the automatic stay regardless of whether arbitration or judicial resolution of the issue is sought.

As for Safety's attempts to obtain leave from the automatic stay, Kaiser contends that Safety did not demonstrate cause for relief from the stay. Kaiser argues that lifting the automatic stay would prejudice Kaiser by forcing it to arbitrate in St. Louis. Additionally, Kaiser contends that this arbitration would not be binding, and therefore, would not necessarily resolve the issues between Kaiser and Safety. Thus, Kaiser contends that denying Safety's request for relief from the stay would not impose a hardship on Safety and would essentially maintain the status quo.

Kaiser also contends that the Bankruptcy Court correctly concluded that Safety willfully violated the automatic stay. Kaiser contends that Safety clearly knew that the automatic stay was in effect when it filed its motion to compel arbitration and that its failure, upon request, to withdraw its motion demonstrates that Safety acted willfully to ignore the automatic stay. Kaiser also maintains that it has never attempted to sue Safety and that Safety was not attempting to defend itself against Kaiser when it filed its motion to compel arbitration.

Kaiser also contends that the Bankruptcy Court correctly declined to reach the issue of whether arbitration of the policy was the appropriate procedure for resolving the dispute between Kaiser and Safety. Kaiser contends that the issue that was before the Bankruptcy Court was whether consideration of Kaiser's alleged dispute with Safety was barred by the automatic stay and not the more specific question of whether it was appropriate for the parties' dispute to be considered through arbitration or litigated in court.

## II. Standard of Review

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclu-

sions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir.1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 642 (3d Cir.1991) (quoting *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101–02 (3d Cir.1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a *de novo* basis in the first instance. *In re Telegroup*, 281 F.3d 133, 136 (3d Cir.2002).

In reviewing decisions denying relief from the automatic stay provisions of the Bankruptcy Code, it is well-established that courts apply the abuse of discretion standard. *Baldino v. Wilson*, 116 F.3d 87, 89 (3d Cir.1997). An abuse of discretion exists whenever a judicial action is "arbitrary, fanciful, or unreasonable, or when improper standards, criteria, or procedures are used." *In re FRG*, 115 B.R. 72, 73 (E.D.Pa.1990) (citations omitted).

As for the question of whether a party has willfully violated the automatic stay, courts have concluded that such questions are questions of fact. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1213 (9th Cir.2002) (*citing* Fed. R. Bankr.P. 8013 and *In re McHenry*, 179 B.R. 165, 167 (9th Cir. BAP 1995)). Accordingly, the Bankruptcy Court's determination that a stay was willfully violated is reviewed for clear error. *Id.*

## III. Decision and Rationale

The scope of the automatic stay is an issue of law. *In re Baldwin–United Corp. Litigation*, 765 F.2d 343, 347 (2d Cir.1985). The automatic stay is broad and covers all proceedings against a debtor, including arbitrations, license revocations, administrative proceedings and judicial proceedings. *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1203 (3d Cir.1991); *Borman v. Raymark Industries, Inc.*, 946 F.2d 1031, 1035 (3d Cir.1991); 11 U.S.C. § 362(a)(1).

The automatic stay also specifically applies to actions related to the scope of insurance coverage. *In re Johns–Manville Corp.*, 31 B.R. 965, 968–70 (S.D.N.Y. 1983). However, the automatic stay does not apply to actions brought by the debtor. Rather, the automatic stay only applies to actions brought against the debtor. *Rhone–Poulenc Surfactants and Specialties, L.P. v. C.I.R.*, 249 F.3d 175, 180 (3d Cir.2001).

In this case, the Bankruptcy Court made a determination that Kaiser, despite its draft amended complaint and withdrawn discovery requests, did not institute an action against Safety. The Court concludes that the Bankruptcy Court's determination was not erroneous. The Bankruptcy Court's conclusion that Safety's action was a proceeding barred by the automatic stay is supported by the record evidence and is in accordance with the applicable law.

As for the Bankruptcy Court's decision to deny Safety's request for leave from the automatic stay, the Court concludes that the Bankruptcy Court did not abuse its discretion. A party may be entitled to relief from the automatic stay for cause, or because the debtor has no equity in the property at issue and does not need that property to effectively reorganize. 11 U.S.C. § 362(d). In this case, Kaiser has an interest in the scope of Safety's insurance obligations and there is evidence that

304

Kaiser would be prejudiced if Safety was allowed to proceed with arbitration. Because Safety is not entitled to relief from the automatic stay to resolve its alleged dispute with Kaiser, the Court need not consider whether the arbitration of this dispute is required under the Federal Arbitration Act.

█ As for its determination that Safety willfully violated the automatic stay by seeking to compel arbitration, the Court likewise concludes that the Bankruptcy Court's decision was not clearly erroneous. The references in Safety's original Motion to Compel Arbitration and Safety's refusal to withdraw its motion upon the request of Kaiser after being informed of the stay are sufficient evidence to support the Bankruptcy Court's decision.

### CONCLUSION

For the reasons discussed, the Bankruptcy Court's September 27, 2002 Order will be affirmed.

An appropriate Order will be entered.