**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

IN RE MARK DINGLEY,

*Debtor*,

---

MARK DINGLEY,

*Appellant*,

v.

YELLOW LOGISTICS, LLC;
YELLOW EXPRESS, LLC,

*Appellees.*

No. 14-60055

BAP No.
13-1261

OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Jury, and Taylor, Bankruptcy Judges, Presiding

Argued and Submitted November 14, 2016
San Francisco, California

Filed April 3, 2017

Before: Ronald M. Gould, Richard R. Clifton,
and Paul J. Watford, Circuit Judges.

Opinion by Judge Clifton

# SUMMARY[*]

## Bankruptcy

Affirming the Bankruptcy Appellate Panel's opinion, though on a different basis than that discussed by the BAP, the panel held that the bankruptcy court erred by sanctioning creditors for violating the automatic stay by pursuing civil contempt proceedings against the debtor based on his failure to pay discovery sanctions in a state court action.

The Bankruptcy Code imposes an automatic stay prohibiting creditors from attempting to collect pre-petition debts against the debtor. The panel held that civil contempt proceedings are exempted from the automatic stay under the Bankruptcy Code's government regulatory exemption, 11 U.S.C. § 362(b)(4), when, as here, the contempt proceedings are intended to effectuate the court's public policy interest in deterring litigation misconduct.

The BAP reasoned that the civil contempt proceedings were exempted from the automatic stay because, under *David v. Hooker Ltd.*, 560 F.2d 412 (9th Cir. 1977), they did not turn on the determination or collection of an underlying debt and were not a ploy to harass the debtor. Because the panel relied instead upon the government regulatory exemption set forth in the Bankruptcy Code, enacted after *Hooker*, it did not address whether *Hooker* remains good law.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Christopher P. Burke (argued), Las Vegas, Nevada, for Appellant.

Mark Wray (argued), Reno, Nevada, for Appellees.

**OPINION**

CLIFTON, Circuit Judge:

Once a debtor files for bankruptcy, the Bankruptcy Code imposes an automatic stay prohibiting creditors from attempting to collect pre-petition debts against the debtor. This rule, however, is subject to certain statutorily-enumerated exceptions. In this appeal we must determine whether civil contempt proceedings fall under one of these exceptions. We hold that under *In re Berg*, 230 F.3d 1165 (9th Cir. 2000), civil contempt proceedings are exempted from the automatic stay under the Bankruptcy Code's government regulatory exemption, 11 U.S.C. § 362(b)(4), when, as here, the contempt proceedings are intended to effectuate the court's public policy interest in deterring litigation misconduct. Accordingly, we conclude that the bankruptcy court erred by sanctioning creditor-appellees Yellow Logistics, LLC and Yellow Express, LLC for violating the automatic stay by pursuing civil contempt proceedings against debtor-appellant Mark Dingley based on his failure to pay discovery sanctions in a state court action. We affirm the decision of the Bankruptcy Appellate Panel to that effect, though on a different basis than that discussed by the BAP opinion.

## I. Background

Debtor Mark Dingley is the former owner and operator of two towing companies. Creditors Yellow Logistics, LLC and Yellow Express, LLC (collectively, Yellow) are transportation companies. In 2011, Yellow sued Dingley and his towing companies in Nevada state court alleging various state law claims related to the improper towing, storage, and sale of a semi-truck and trailer belonging to Yellow. After Dingley failed to appear for a deposition in that action, the state court imposed discovery sanctions against Dingley under Nevada Rule of Civil Procedure 37(d) in the amount of approximately $4,000. Dingley failed to timely pay the sanctions, and, on Yellow's application, the court issued an order under Nevada Revised Statutes §§ 22.010(3) and 22.030 requiring Dingley to show cause why he should not be held in contempt for his failure to pay the court-ordered discovery sanctions.

After the state court set a hearing date on its order to show cause, Dingley filed for Chapter 7 bankruptcy in Nevada bankruptcy court. On the date of the hearing, Dingley's counsel notified the state court of his bankruptcy petition. The state court took the hearing off its calendar and issued an order requiring the parties to address the effect of the automatic stay on the pending civil contempt proceedings.

In accordance with the court's order, Yellow filed supplemental briefing with the state court arguing that the automatic stay did not apply to the pending contempt proceedings. In arguing that the contempt proceedings were exempted from the automatic stay, Yellow relied on our court's decision in *David v. Hooker, Ltd.*, 560 F.2d 412 (9th Cir. 1977), where we held that civil contempt proceedings

were not automatically stayed under the Federal Rules of Bankruptcy Procedure, the regime governing bankruptcy actions and the automatic stay before the enactment of the modern Bankruptcy Code.[1]

In response, Dingley moved for sanctions under 11 U.S.C. § 362(k) in the bankruptcy court,[2] contending that Yellow violated the automatic stay by filing the supplemental brief with the state court. The bankruptcy court agreed and awarded sanctions against Yellow in the amount of $1,500. The bankruptcy court did not address whether *Hooker* exempted the contempt proceedings from the automatic stay.

Yellow appealed to the Bankruptcy Appellate Panel, which reversed the bankruptcy court in a published opinion. *In re Dingley*, 514 B.R. 591 (9th Cir. BAP 2014). In its opinion, the BAP agreed with Yellow and held that the civil contempt proceedings were exempted from the automatic stay. *Id.* at 592–93. The BAP reasoned that, under our decision in *Hooker*, civil contempt proceedings are exempted from the automatic stay unless the proceedings turn on the determination or collection of an underlying debt or are a ploy to harass the debtor. *Id.* at 597 (citing *Hooker*, 560 F.2d at 418). Because the contempt proceedings against Dingley were not related to his pre-petition debts and were instead intended to sanction him for litigation misconduct, the

---

[1] Congress enacted the Bankruptcy Code in November 1978, about one year after *Hooker* was decided in September 1977. *See* Bankruptcy Reform Act of 1978, Pub. L. No. 95-598, 92 Stat. 2549 (codified as amended at 11 U.S.C. §§ 101–1532 (2012)).

[2] As relevant here, § 362(k) provides that "an individual injured by any willful violation of a stay . . . shall recover actual damages, including costs and attorneys' fees . . . ."

automatic stay did not apply. *Id.* at 600. On that basis, the BAP concluded, the bankruptcy court erred by finding that Yellow violated the automatic stay. *Id.*

In a concurring opinion, Judge Jury reluctantly agreed with the BAP majority's application of *Hooker*. *Id.* at 600. She questioned whether *Hooker* remained good law in light of the Bankruptcy Code, which was enacted one year after *Hooker* was decided and enumerates a list of express exceptions to the automatic stay. *Id.* at 600–02. Judge Jury also expressed the view that the *Hooker* rule was inconsistent with more recent decisions from this court broadly interpreting the scope of the automatic stay provisions in the Bankruptcy Code. *Id.* at 602–03.

Dingley timely appealed the BAP decision to this court. While the appeal was pending, the bankruptcy court dismissed Dingley's underlying bankruptcy case for cause. The bankruptcy court vacated all pending hearings, except adversary proceedings and fee applications.

## II. Discussion

We review de novo whether the automatic stay has been violated. *In re Mwangi*, 764 F.3d 1168, 1173 (9th Cir. 2014). When determining whether there has been a violation of the automatic stay, we must review a bankruptcy court decision "independently and without deference" to the BAP's decision. *In re Perl*, 617 F.3d 1102, 1109 (9th Cir. 2010) (internal quotation marks omitted).

We conclude, based on our post-Bankruptcy Code precedent, that civil contempt proceedings such as Dingley's are not covered by the automatic stay because they qualify

under the Bankruptcy Code's statutorily-enumerated exception for regulatory actions taken by a government entity. *See* 11 U.S.C. § 362(b)(4). We thus affirm the BAP's decision reversing the sanctions award against Yellow entered by the bankruptcy court, though on a different ground. Because we rely upon the government regulatory exemption, we do not need to address whether *Hooker* remains good law.

### A. Automatic bankruptcy stay

Once a debtor files for bankruptcy, the Bankruptcy Code imposes an automatic stay prohibiting creditors from attempting to collect pre-petition debts against the debtor. 11 U.S.C. § 362(a). Under the Bankruptcy Code's automatic stay provision, virtually all actions against debtors to collect pre-petition debts are prohibited. This includes:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; [and]
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title.

*Id.* § 362(a)(1)–(2).

*B. Government regulatory exemption*

The reach of the automatic stay under the Bankruptcy Code is not unlimited, however. To that end, the Bankruptcy Code enumerates nearly thirty different statutory exceptions to the automatic stay. *Id.* § 362(b)(1)–(28). One of them, § 362(b)(4), often called the "government regulatory exemption," provides that the automatic stay does not apply to "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power." This exemption "has been applied in a variety of contexts, including labor law enforcement, state bar disciplinary proceedings, and employment discrimination actions brought by the Equal Employment Opportunity Commission." *In re Universal Life Church, Inc.*, 128 F.3d 1294, 1297 (9th Cir. 1997) (internal citations omitted).

In our circuit, courts have applied two alternative tests when determining whether government action falls under the government regulatory exemption: the pecuniary purpose test and the public policy test. *Id.* (citing *NLRB v. Continental Hagen Corp.*, 932 F.2d 828, 833 (9th Cir. 1991)). "Satisfaction of either test will suffice to exempt the action from the reach of the automatic stay." *City & County of San Francisco v. PG&E Corp.*, 433 F.3d 1115, 1124 (9th Cir. 2006) (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1108 (9th Cir. 2005)). Under the pecuniary purpose test, the court must determine "whether the government action relates primarily to the protection of the government's pecuniary interest in the debtor's property or to matters of public safety and welfare." *Universal Life Church*, 128 F.3d at 1297 (citing *Continental Hagen*, 932 F.2d at 833). By contrast, under the public policy test, the court must determine whether

the government's action is intended to either "effectuate public policy" or to "adjudicate private rights." *Continental Hagen*, 932 F.2d at 833 (quoting *NLRB v. Edward Cooper Painting, Inc*., 804 F.2d 934, 942 (6th Cir. 1986)). If the court determines that the government's action is intended either to protect the government's pecuniary interest in the debtor's property or to adjudicate private rights, the government regulatory exemption will not apply and the automatic stay will be imposed. *Universal Life Church*, 128 F.3d at 1297.

## C. Civil contempt proceedings

We have previously considered whether the government regulatory exemption applies to proceedings to collect a sanctions award imposed against a debtor to deter litigation misconduct. In *In re Berg*, we held that, under both the pecuniary interest test and the public policy test, "§ 362(b)(4)'s government regulatory exemption exempts from the automatic stay an award of attorneys' fees imposed under [Federal Rule of Appellate Procedure] 38 as a sanction for unprofessional conduct in litigation." 230 F.3d 1165, 1168 (9th Cir. 2000). In extending the government regulatory exemption to the Rule 38 sanctions proceedings at issue in *Berg*,[3] we reasoned that because the purpose of Rule 38 sanctions is to "effectuate public policy [in deterring unprofessional conduct in litigation], not to protect private rights or the government's interest in the sanctioned person's property," the government regulatory exemption applies to a creditor's attempt to collect sanctions against a debtor under

---

[3] As relevant here, Rule 38 allows appellate courts to "award just damages and single or double costs to the appellee" when the appellant files a "frivolous" appeal. Fed. R. App. P. 38.

Rule 38. *Id.* This is true regardless of whether the sanctions are initially pursued by a private party or whether the sanctions award is ultimately payable to a private party. *Id*.[4]

*Berg* controls this case. In *Berg*, this court awarded sanctions against the debtor for filing a frivolous appeal. 230 F.3d at 1167. Here, Yellow attempted to collect discovery sanctions previously awarded against Dingley by a Nevada court under Nevada law for failing to comply with a court order which required the payment of those sanctions. In both cases, the creditor pursued the collection of sanctions to effectuate the respective court's public policy interest in deterring certain kinds of litigation misconduct: in *Berg*, the filing of a frivolous appeal, and here, the failure to comply with a court order imposing discovery sanctions. *See id*. Moreover, the bankruptcy court did not find, nor has Dingley argued on appeal, that the contempt proceedings against Dingley were intended to either protect the Nevada state court's pecuniary interest in Dingley's property or adjudicate any private rights in Dingley's property. *See Universal Life Church*, 128 F.3d at 1297. Accordingly, under *Berg*, the civil contempt proceedings against Dingley were exempted from the automatic stay. *See* 230 F.3d at 1168. Yellow therefore did not violate the automatic stay by pursuing civil contempt sanctions against Dingley.

---

[4] In support of our decision in *Berg*, we cited *Alpern v. Lieb*, 11 F.3d 689 (7th Cir. 1993), where the Seventh Circuit held that sanctions proceedings under Federal Rule of Civil Procedure 11 were exempted from the automatic stay because the sanctions were "meted out by a government unit, the court," for the purpose of deterring litigation misconduct. *Id.* at 690. Apart from *Alpern* and *Berg*, we have found no published circuit court opinions addressing the application of the government regulatory exemption to sanctions proceedings like the one here.

## III.    Conclusion

Civil contempt proceedings are exempted from the automatic stay under the government regulatory exemption when the proceedings are intended to effectuate the court's public policy interest in deterring litigation misconduct. Here, Yellow pursued the collection of civil contempt sanctions against Dingley to effectuate the Nevada state court's public policy interest in deterring litigants from violating court orders imposing sanctions for litigation misconduct. The civil contempt proceedings against Dingley were therefore exempt from the automatic stay. We affirm the BAP's reversal of the bankruptcy court's award of sanctions against Yellow.

**AFFIRMED.**