**IN RE: Michael Lee GRAY and Nicole Lee Hart, Debtors.**

**Michael Gray and Nicole Hart, Plaintiffs,**

v.

**ZB, N.A. dba Zions First National Bank and Bailey & Busey, PLLC, Defendants.**

**Case No. 16–41279–BDL**

**Adversary No. 16–4123–BDL**

United States Bankruptcy Court, W.D. Washington.

Signed May 12, 2017

---

Jason D. Anderson, Anderson Law of King County, PLLC, Christina L. Henry, Henry, DeGraaff & McCormick, PS, Seattle, WA, for Plaintiff.

Charles C. Robinson, Dan Vecchio, Garvey Schubert Barer, John T. Bender, Kathleen A. Nelson, Lewis Brisbois Bisgaard & Smith LLP, Seattle, WA, for Defendants.

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT

Brian D. Lynch, U.S. Bankruptcy Judge

Plaintiffs Michael Gray and Nicole Hart filed a Motion for Partial Summary Judgment (ECF No. 27) in this adversary seeking to have the Court determine that the Defendants to this action, ZB, N.A. and Bailey & Busey PLLC, committed a willful violation of the automatic stay under 11 U.S.C. § 362(k)(1) when the Defendants failed to have bench warrants for the arrest of the Plaintiffs quashed after Defendants learned of Plaintiffs' bankruptcy filing.

Both Defendants filed responses to the motion (ECF Nos. 35, 36) contending that the events that allegedly constituted a stay violation were not subject to the stay as they were within the government regulatory exemption to the stay of Section 362(b)(4) as proceedings for contempt of court, and also that if there was a stay violation it was not willful. Plaintiffs filed a reply brief (ECF No. 42) and counsel for all parties appeared at the hearing on the motion for partial summary judgment on April 26, 2017 and provided argument.

At the conclusion of the April 26, 2017 hearing, the Court made findings of fact and conclusions of law on the record, per Fed. R. Bankr. P. 7052, which are incorporated herein by reference. By this Order, Plaintiffs' Motion is hereby GRANTED.

## Background

The facts are largely uncontested. Plaintiffs obtained a vehicle loan from defendant ZB, N.A. dba Zions National Bank (hereinafter "ZBNA") to purchase a pickup truck. Plaintiffs somehow defaulted on the loan, and ZBNA repossessed the truck. In 2011, ZBNA retained defendant Bailey & Busey PLLLC (hereinafter "Bailey & Busey") to pursue collection of the deficiency balance on the car loan. Bailey & Busey obtained a default judgment against Plaintiffs in June 2012. Bailey & Busey then began garnishment proceedings, and entered into various negotiations with Plaintiffs to resolve the debt. Unable to reach an agreed resolution, Bailey & Busey commenced a supplemental proceedings action against Plaintiffs in Cowlitz County Superior Court in February 2016. During the garnishment period, Plaintiffs had told ZBNA once that they might file bankruptcy, but had not filed by the time the supplemental proceedings were commenced.

Defendants obtained an order on February 17, 2016 setting a hearing in the supplemental proceeding for March 16, 2016. The order was served on Plaintiffs at their residence, but they did not appear at the March 16th hearing. On March 23, 2016, Bailey & Busey mailed to the Cowlitz Superior Court a motion to issue bench warrants, orders granting the motion and proposed bench warrants. The Court received the pleadings on March 25, 2016 and the orders granting the motion (one order as to each Plaintiff) were entered on March 28, 2016. Bailey & Busey received the signed orders back from the Court on or about March 31, 2016. Bailey & Busey believed they had received back the "original" bench warrants, but what was produced in response to the motion for summary judgment are just copies of

the "Order Granting Bench Warrant" with a stamped name for the judge's signature, and which directed the clerk of court to issue a bench warrant to the Cowlitz County Sheriff, and copies of Bailey & Busey's proposed bench warrants, with the same stamped name. (Busey Dec, Ex. F, ECF No. 33). However, the bench warrants ultimately used by the sheriff in Plaintiffs' later arrests are of a different format than the version sent in by Bailey & Busey. (Henry Dec. Ex. AA, ECF No. 30). The bench warrants used were issued directly by the Cowlitz County Superior Court, were issued March 28, 2016, and were signed under seal, by the Cowlitz County Clerk. Id.

Neither the motion for bench warrants nor the orders granting bench warrants were served on Plaintiffs.

Unbeknownst to the Cowlitz Court or apparently to either Defendant at the time of these actions, Plaintiffs had filed Chapter 7 bankruptcy on March 25, 2016. Plaintiffs did not schedule Bailey & Busey as a creditor, but they did schedule "Zion's Bank." (In re Gray, Case No. 16–41279, ECF No. 1). ZBNA received notice of Plaintiffs' bankruptcy filing on or before April 4, 2016 as on April 4th a ZBNA representative called Bailey & Busey to inform them about the bankruptcy. Bailey & Busey put a "hold" on their file, but took no action to inform the Cowlitz County Superior Court about the filing and took no affirmative action to quash the court orders for issuance of bench warrants or the bench warrants. According to Bailey & Busey they believed they had the original documents, and nothing else would happen with the warrants without Bailey & Busey taking affirmative action.

Instead, with the bench warrants outstanding, Plaintiffs were arrested by the Cowlitz County Sheriff on May 24, 2016.

## Summary Judgment Standard

As the parties agree, summary judgment is appropriate under Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56 if "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. 2548. Once the initial burden is met, the opposing party must then set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Facts must be viewed in the light most favorable to the non-moving party where there is a genuine dispute to those facts. *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).

## Exemption from the Automatic Stay under Section 362(b)(4)

■ Upon filing bankruptcy, the automatic stay of 11 U.S.C. § 362 goes into effect and stays, in general, any actions to recover claims against the debtor, among other things. But certain actions are not subject to the stay, per Section 362(b). These include actions or proceeding by governmental units to enforce their police or regulatory powers. 11 U.S.C. § 362(b)(4). The bench warrants issued by the Cowlitz County Clerk include wording that Plaintiffs were to be brought before the court to answer "to the State of Washington charging the individual with contempt of court." Bailey & Busey's original motion for bench warrants does mention the word contempt, but it was clearly not a

motion for contempt and solely sought the issuance of bench warrants. And the order granting the bench warrants does not reference contempt at all. (Busey Dec., Exs. E, F; ECF No. 32).

Defendants rely on the recent Ninth Circuit case of *In re Dingley (Dingley v. Yellow Logistics, LLC)*, 852 F.3d 1143 (9th Cir. 2017) which found that a creditor's attempt to recover state court issued discovery sanctions for failure to appear at a deposition did not violate the automatic stay as it came within the government regulatory exemption of Section 362(b)(4) as an attempt to effectuate the state court's public policy interest in deterring litigation misconduct. As the Court stated at the April 26th hearing, the Defendants read too much into *Dingley*, which this Court concludes is more limited both in terms of the ambit of the automatic stay and the government regulatory exemption.

Here, after the Plaintiffs failed to appear for supplemental proceedings and Defendants shortly thereafter sought, by ex parte motion, the issuance of an order directing the Clerk of the Court to issue bench warrants to the Sheriff of Cowlitz County to seize Plaintiffs. Although Defendants suggest that this was some sort of civil contempt proceeding, in fact their motion for issuance of the bench warrants did not seek a finding of contempt, it posited that the Plaintiffs were already in contempt, without allowing them the opportunity to explain why they did not attend the supplemental proceedings. Moreover, Defendants did not serve such motion on Plaintiff and the orders granting the bench warrants make no mention of contempt, either as a finding or in the order. Plaintiffs had filed bankruptcy by the time that the Cowlitz County Superior Court had issued the order directing the Clerk to issue the bench warrants.

Even if the actions of Defendants could be characterized as a sort of quasi-civil contempt proceeding, the actions here do not fit into the holding of *Dingley*. It focused on the Court's public policy interest in deterring litigation misconduct, and distinguished the government's interest from adjudicating private rights. The acts of these Defendants were nothing more than efforts to collect on their judgment against Plaintiffs. They did not even attempt to notify Plaintiffs of their efforts to obtain bench warrants, which gives greater force to the argument that this was just an aggressive collection activity. If *Dingley*, and the related holding in *In re Berg*, 230 F.3d 1165 (9th Cir. 2000)(finding stay did not apply to attempt to liquidate claim based on sanctions imposed for filing frivolous appeal), are not so limited to cases clearly involving government regulatory actions, the risks increase of more actions similar to those here, i.e., aggressive use of sanctions and bench warrants, without notice, to collect debts. And potential continuation of that practice post-bankruptcy, which is exactly what the automatic stay is designed to prohibit. As the debt in issue would presumably be discharged in Plaintiffs' bankruptcy, there was no purpose in having Plaintiffs seized so that they could be subjected to supplemental proceedings. The Court holds that the acts and omissions of Defendants do not come within the government regulatory exception to the automatic stay.

### Willful Violation of the Stay

Defendants argued secondarily that they took no action to affirmatively enforce the warrants upon learning of Plaintiffs bankruptcy filing, did not ask the sheriff to execute the warrants and that Bailey & Busey "believed" nothing further would happen since they held the documents in their files. As such, Defendants contend that the violation of the stay by Plaintiffs'

arrest was not a willful violation of the stay on their part.

A violation of the stay is willful if (1) the defendants knew of the stay, and (2) the defendant's actions which violated the stay were intentional. *In re Bloom*, 875 F.2d 224, 227 (9th Cir. 1989). A specific, subjective intent to violate the stay is not necessary. *Id.* at 227. The Ninth Circuit has held that non-debtor parties have an affirmative duty to ensure they are in compliance with the automatic stay. *See Sternberg v. Johnston*, 595 F.3d 937, 943–44 (9th Cir. 2010); *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1212 (9th Cir. 2002). Failure to take affirmative action to stay or vacate a state court order, entered without knowledge of the stay or even without the request of the creditor, can be a willful violation of the stay. *Sternberg*, at 944. In *Sternberg*, the court did not fault the creditor for the entry of an order by the state court post-bankruptcy filing that the creditor had not requested, but the court held that "[w]ithin a reasonable time after that, however, the law required [creditor] to take corrective action." *Id.* at 944. The creditor needed to do what he could do to relieve the violation, he could not "simply rely on the normal adversarial process," at a minimum "alert[ing] the state court to the conflicts between the order and the automatic stay." *Id.* at 944–45.

Assuming as the Court must on summary judgment, that Bailey & Busey did believe they held the original bench warrants in their possession, there were still orders on the state court docket directing issuance of warrants to the Cowlitz County Sheriff, and those orders had been entered after the automatic stay of the Plaintiffs' bankruptcy filing had gone into effect. The Court concludes that Defendants had an affirmative duty, upon learning of Plaintiffs' bankruptcy filing, to contact the Cowlitz County Superior Court and inform them of the bankruptcy filing and ensure the orders issuing bench warrants and the bench warrants themselves were quashed. It is not enough, as the Ninth Circuit held in *Eskanos*, to assert that Defendants "did not carry forward or persist" in their collection activities, putting the matter on "hold" for "future determination." *Eskanos*, 309 F.3d at 1214. The fact that Defendants left the supplement proceedings pending, and left the bench warrants and related orders pending "does nothing if not carry forward or persist against a debtor." *Id.* "Active state filings exist as more than placeholders— the risk of default judgment looms over the debtor throughout." *Id.* Here, the risk was even greater than default judgment, the risk of physical bodily apprehension loomed over these Plaintiffs—without them being aware of it since they weren't served with the motion or orders for bench warrants—so long as Defendant left the supplemental proceedings pending and did not quash the offending orders and the bench warrants themselves. Section 362(a)(1) imposes an affirmative duty to halt post-petition collection actions. *Id.* at 1215. Fifty days passed from when Defendants became aware of the bankruptcy filing, and the arrest of the Plaintiffs at their home on the bench warrants. Defendants' failure to affirmatively act until after learning that Plaintiffs had been seized by the county sheriff was a willful violation of the stay.

### Joint and Several Liability

Plaintiffs' motion also requested that Defendants be found jointly and severally liable for the willful stay violation. *In re Johnson*, 253 B.R. 857, 861 (Bankr. S.D.Ohio 2000)("courts have imposed joint and several liability against creditors and their counsel for willful stay violations"); *Vazquez v. Sears, Roebuck & Co. (In re*

*Vazquez)*, 221 B.R. 222, 231 (Bankr. N.D.Ill.1998) ("A creditor and its attorney are jointly and severally liable for their violations of the discharge injunction because under general principles of agency law, an agent whose tortious conduct renders the principal liable is also liable for his own tortious acts."). Neither Defendant provided briefing or argument opposing such a finding, or establishing that one party or the other bears responsibility for the stay violation. *In re Salov*, 510 B.R. 720, 733 (Bankr. S.D.N.Y. 2014) (finding joint and several liability appropriate where there was no way for the court to determine who was ultimately liable). The Court concludes that ZBNA and Bailey & Busey are jointly and severally liable for the willful violation of the stay. *See Eskanos*, 309 F.3d at 1213.

## Conclusion

Based on the foregoing, and the Court's findings and conclusions on the record at the April 26, 2017 hearing, Plaintiffs' Motion for Partial Summary Judgment is HEREBY GRANTED. Defendants ZBNA and Bailey & Busey PLLC are found to have willfully violated the automatic stay, and are jointly and severally liable for that violation.

Issues as to Plaintiffs' damages and the scope and extent of awardable damages, as well as final judgment in this case, are reserved for further hearing. Trial is set in this matter for November 8, 2017.

It is SO ORDERED.