**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEREMY PORTER, an individual, *Plaintiff-Appellant*, v. NABORS DRILLING USA, L.P., a Limited Partnership organized under the laws of the State of Delaware, *Defendant-Appellee*. | No. 15-16985 D.C. No. 1:15-cv-00805-MCE-JLT OPINION |

Motion to Recognize Automatic Stay of Appeal
from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted to Motions Panel February 27, 2017

Filed April 20, 2017

Before: William C. Canby, Richard R. Clifton,
and Michelle T. Friedland, Circuit Judges.

Opinion by Judge Clifton

# SUMMARY[*]

## California Private Attorney General Act / Automatic Stay

The panel granted the motion of Nabors Drilling USA, L.P. to recognize an automatic stay, triggered by its filing for reorganization under Chapter 11 of the Bankruptcy Code, in a lawsuit file by plaintiff Jeremy Porter, who asserted a claim under California's Private Attorney General Act of 2004 ("PAGA").

The panel held that the exception to an automatic stay established in 11 U.S.C § 362(b)(4), described as the governmental regulatory or governmental unit exception, did not apply to a claim brought by a private party under PAGA. Because the governmental unit exception to the automatic bankruptcy stay did not apply to Porter's PAGA action, the panel concluded that the automatic stay applied to the action, including the appeal currently before the court. The panel suspended further activity in this appeal.

# COUNSEL

Arnold P. Peter, Peter Law Group, Manhattan Beach, California, for Plaintiff-Appellant.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Tamara I. Devitt and Matthew E. Costello, Haynes and Boone LLP, Costa Mesa, California, for Defendant-Appellee.

## OPINION

CLIFTON, Circuit Judge:

Movant-Appellee Nabors Drilling USA, L.P. has filed for reorganization under Chapter 11 of the Bankruptcy Code. That filing triggered the automatic stay under 11 U.S.C. § 362(a)(1), which generally applies to protect a debtor after it has filed for bankruptcy protection. The question presented by the current motion is whether that stay applies to a lawsuit filed by a plaintiff, Appellant Jeremy Porter, who has asserted a claim under California's Private Attorney General Act of 2004 ("PAGA"), Cal. Labor Code §§ 2698 *et seq.* Porter contends that the exception established in 11 U.S.C. § 362(b)(4), sometimes described as the governmental regulatory or governmental unit exception, applies to exempt his PAGA claim from the automatic stay. We conclude that the exception does not apply to a claim brought by a private party under PAGA, and we therefore grant Nabors's motion to recognize the automatic stay in this case.

## I.  Background

Porter alleges that he was formerly an employee of Nabors. He notified the California Labor & Workforce Development Agency ("LWDA") that he believed that Nabors had violated various provisions of the California Labor Code. LWDA did not respond to Porter or take further action regarding his allegations. Under PAGA, after LWDA

had been notified of possible labor code violations and declined to take action within a certain period of time, Porter was authorized to file a civil action seeking to recover penalties for the alleged code violations. *See* Cal. Lab. Code §§ 2698 *et seq*. He did so by filing a complaint against Nabors in state court. Porter's complaint contained eight causes of action, including one PAGA claim.

After removing the action to federal court, Nabors moved to compel arbitration on all of Porter's claims pursuant to an arbitration agreement. Porter agreed to arbitrate all of his claims except for the PAGA claim. Over Porter's objection, the district court granted Nabors's motion to compel arbitration of the PAGA claim and dismissed the complaint. Porter filed the current appeal. LWDA has never moved to intervene in the action.

After the appeal was filed, Nabors filed in this court a "Notice of Suggestion of Bankruptcy." The notice stated that Nabors and its parent companies filed voluntary petitions seeking bankruptcy protection under Chapter 11 in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. The notice stated that pursuant to 11 U.S.C. §§ 362(a)(1)–(3), the filing of the bankruptcy petition automatically stayed all proceedings with respect to Nabors. Porter then filed with this court a motion for summary disposition arguing that the automatic bankruptcy stay does not apply to these proceedings.

As discussed below, there are a small number of exceptions to the automatic bankruptcy stay. Among those exceptions is a provision for proceedings brought "by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power." 11 U.S.C. § 362(b)(4). Porter argued that his PAGA claim is brought "by a governmental unit" to enforce "police and regulatory

power," and thus the bankruptcy stay does not apply. A motions panel of this court referred Porter's motion for summary disposition to the panel that will be assigned to decide the merits of the appeal and ordered briefing to proceed.

Two months later, Nabors filed the current motion, entitled "Emergency Motion Under Circuit Rule 27-3 to Recognize Automatic Stay." Nabors argues that requiring it to brief this appeal would violate the automatic bankruptcy stay. Porter has filed an opposition to that motion, and Nabors filed a reply.

## II. California's Private Attorney General Act

LWDA is assigned responsibility under California law for bringing actions to enforce the state's labor laws. *See, e.g.*, *Caliber Bodyworks, Inc. v. Superior Court*, 36 Cal. Rptr. 3d 31, 33 & 33 n.1 (Ct. App. 2005). In response to a concern that labor law enforcement agencies like LWDA "were unlikely to keep pace with the future growth of the labor market," the California legislature passed PAGA. *Arias v. Superior Court*, 209 P.3d 923, 929 (Cal. 2009). Under PAGA, "civil penalt[ies] to be assessed and collected by the Labor and Workforce Development Agency . . . for a violation of th[e Labor] code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee." Cal. Lab. Code § 2699(a). To be eligible to file a claim under PAGA, an aggrieved employee must first submit his allegations of labor code violations to LWDA as well as to the employer. *Id.* § 2699.3(a)(1)(A). If LWDA does not respond or take action on the allegations within a certain period, the aggrieved employee is permitted to "commence a civil action pursuant to Section 2699." *Id.* § 2699.3(a)(2)(A).

If LWDA declines to intervene in a PAGA proceeding, the plaintiff "pursues the PAGA action in his own name, exercises complete control over the lawsuit, and is not restrained by any provision of the PAGA statute from settling or disposing of the claim as he sees fit."[1] *Nanavati v. Adecco USA, Inc.*, 99 F. Supp. 3d 1072, 1083 (N.D. Cal. 2015). As the California Supreme Court has explained, "[a]n employee plaintiff [bringing a PAGA claim] does so as the proxy or agent of the state's labor law enforcement agencies" and "with the understanding that labor law enforcement agencies [are] to retain primacy over private enforcement efforts." *Arias*, 209 P.3d at 933, 929–30. If successful, twenty-five percent of the civil penalties are distributed to the aggrieved employees, and the remaining seventy-five percent of the penalties go to LWDA. Cal. Lab. Code § 2699(i). The PAGA plaintiff is also entitled to reasonable attorney's fees and costs. *Id.* § 2699(g)(1).

When looking at PAGA claims in the context of arbitration agreements, both the California Supreme Court and this court have concluded that "[a] PAGA representative action is . . . a type of *qui tam* action." *Iskanian v. CLS Transp. Los Angeles, LLC*, 327 P.3d 129, 148 (Cal. 2014); *see Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 429 (9th Cir. 2015). A *qui tam* action for citizen enforcement traditionally has three elements: "(1) that the statute exacts a penalty; (2) that part of the penalty be paid to the informer; and (3) that, in some way, the informer be authorized to bring suit to recover the penalty." *Iskanian*,

---

[1] LWDA has since expanded its oversight of PAGA litigation. For cases filed after July 1, 2016, aggrieved employees must submit to LWDA copies of their filed complaints, proposed settlement agreements, and court orders denying an award of civil penalties. Cal. Lab. Code § 2699(l)(1)–(3).

327 P.3d at 148 (quoting *Sanders v. Pac. Gas & Elec. Co.*, 126 Cal. Rptr. 415, 421 (Ct. App. 1975)).

## III.    The Automatic Bankruptcy Stay

Under federal bankruptcy law, "a petition [for bankruptcy] . . . operates as a stay [of] the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was . . . commenced before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). The stay is self-executing and effective upon filing a bankruptcy petition. *Griffin v. Wardrobe (In re Wardrobe)*, 559 F.3d 932, 934 (9th Cir. 2009).

The sweep of the automatic stay is broad and "serves as one of the most important protections in bankruptcy law." *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1214 (9th Cir. 2002) (citing *Hillis Motors, Inc. v. Hawaii Auto Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir. 1993)). The stay "provides debtors with protection against hungry creditors" and "assures creditors that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755–56 (9th Cir. 1995). It also provides the debtor with some "breathing space" so that the debtor can focus on reorganization rather than the defense of pending litigation. *Hillis Motors*, 997 F.2d at 585.

The bankruptcy statute provides certain exceptions to the automatic stay. One of the exceptions is for actions "by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power." 11 U.S.C. § 362(b)(4). The bankruptcy code defines "governmental unit" as:

> United States; State; Commonwealth;
> District; Territory; municipality; foreign
> state; department, agency, or instrumentality
> of the United States (but not a United States
> trustee while serving as a trustee in a case
> under this title), a State, a Commonwealth, a
> District, a Territory, a municipality, or a
> foreign state; or other foreign or domestic
> government.

11 U.S.C. § 101(27).

Porter concedes that he is not a governmental unit. He argues instead that a private party can invoke the governmental unit exception when it acts as an agent of the government, as long as the private party seeks to protect the public health and safety. In doing so, however, Porter effectively asks us to read the phrase "by a governmental unit" out of the governmental unit exception. We decline to do so. We are not persuaded that the government's creation of a private right of action to enforce laws aimed to protect the health and safety of the public is sufficient governmental involvement to invoke the exception to the bankruptcy stay.

As noted above, a PAGA action has been identified as a kind of *qui tam* action, an action in which a private citizen is authorized to sue on behalf of the government. Courts have consistently held that the automatic stay applies to those cases, at least when the government has not intervened, because they do not fall within the governmental unit exception. *See*, *e.g.*, *In re Edison Mission Energy*, 502 B.R. 830 (Bankr. N.D. Ill. 2013); *United States ex rel. Kolbeck v. Point Blank Sols., Inc.*, 444 B.R. 336 (E.D. Va. 2011); *United States ex rel. Goldstein v. P & M Draperies, Inc.*, 303 B.R. 601 (D. Md. 2004); *In re Chateaugay Corp.*,

118 B.R. 19 (Bankr. S.D.N.Y. 1990); *United States (EPA) v. Envtl. Waste Control, Inc.*, 131 B.R. 410 (N.D. Ind. 1991); *In re Revere Copper & Brass, Inc.*, 29 B.R. 584 (Bankr. S.D.N.Y. 1983).   This is because, unlike in traditional government enforcement actions, the *qui tam* relators in these cases were proceeding *without* the involvement of the governmental unit on whose behalf the action is purportedly brought.  *See, e.g.*, *Edison Mission Energy*, 502 B.R. at 836 (declining to apply governmental unit exception in part because "the record indicates that [no state agency] has requested or directed the [claimant] to act in its stead"); *Kolbeck*, 444 B.R. at 340 (declining to apply governmental unit exception in part because "the government decline[d] to intervene in [the] *qui tam* [False Claims Act] action" and "the proceedings [were] thereafter conducted solely by the *qui tam* relator").

We reach the same conclusion in this case.  Porter's claim against Nabors was filed by Porter, and it remains under his control.  Despite having received notice of Porter's allegations pursuant to PAGA's notice provisions, the state of California, through LWDA, did not request, direct, or join in the filing.  Nor has the state attempted to intervene in the action since its filing.  Under these circumstances, the action cannot properly be understood to be an action "by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power."  11 U.S.C. § 362(b)(4).

Porter argues that his PAGA claim is analogous to a claim for sanctions brought by a litigant requesting that the court discipline a party for violating court rules.  It is true that actions by courts to impose sanctions in order to enforce their own rules or police the members of their bar may fall within the governmental regulatory exception for purposes of the bankruptcy stay.  *See, e.g.*, *Dingley v. Yellow*

*Logistics, LLC (In re Dingley)*, — F.3d —, No. 14-60055, 2017 WL 1208454, at \*1 (9th Cir. 2017) (holding that, in certain situations, state court "civil contempt proceedings are exempted from the automatic stay under the Bankruptcy Code's government regulatory exemption"); *Berg v. Good Samaritan Hosp. (In re Berg)*, 230 F.3d 1165, 1166 (9th Cir. 2000) (holding that federal appellate court's "award of sanctions falls under the 'government regulatory power' exemption of § 364(b)(4)"); *Wade v. State Bar of Ariz. (In re Wade)*, 948 F.2d 1122, 1124 (9th Cir. 1991) (per curiam) (holding that a state bar association "exercises this delegated authority under the 'direction and control' of the Arizona Supreme Court" (citation omitted)).

Relying on this line of cases, Porter contends that because he also acts as an agent of a governmental unit in bringing his PAGA claim and because the PAGA claim will ultimately be adjudicated, like a sanctions award, by a court, the governmental unit exception should apply to him. We are not persuaded. In the context of judicially imposed sanctions, the governmental unit whose interests are being enforced—that is, the court—itself conducts additional proceedings to advance its own interests and uses its own resources to do so. Ultimately, the "sanction is meted out by a governmental unit, the court," even if the sanction is initially "sought by a private individual or organization—a nongovernmental litigant." *Alpern v. Lieb*, 11 F.3d 689, 690 (7th Cir. 1993). Porter does not contend that his action is taken on behalf of the court, however. He claims to be acting as a private attorney general in place of LWDA. The subsequent involvement of the court does not bring his PAGA action within the language of the exception: "by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power." 11 U.S.C. § 362(b)(4). That a court might ultimately decide the fate of Porter's

PAGA action does not mean that the court decision is an action to enforce its own power.  Although a litigant may initially request the imposition of sanctions, ultimately the sanctions proceedings are conducted by a governmental unit, the court, to advance its own interest in enforcing its authority.  *See Alpern*, 11 F.3d at 690.

## IV.    Conclusion

We conclude that the governmental unit exception to the automatic bankruptcy stay does not apply to Porter's PAGA action.  As a result, the automatic bankruptcy stay does apply to that action, including the appeal that is currently pending before this court.  Accordingly, we suspend further activity in this appeal and direct the parties to notify this court promptly of relevant developments in the bankruptcy proceeding.

The motion to stay appellate proceedings is **GRANTED.**