NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MARTINEZ LOPEZ, et al., | No. 18-17416 |
| Plaintiffs-Appellants, | D.C. No. 5:17-cv-01003-BLF |
| v. | |
| RANDSTAD US, L.P., | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| RANDSTAD GENERAL PARTNER (US) LLC, et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted February 13, 2020
San Francisco, California

Before: GOULD and MURGUIA, Circuit Judges, and FEINERMAN,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

Jose Martinez Lopez, Fernando Lara, and Elisabeth Lopez (collectively, "Plaintiffs") brought this putative class action against their employer, Randstad US, L.P. ("Randstad"), alleging violations of California wage-and-hour law. The district court granted Randstad's motion to compel arbitration and dismissed the suit. Plaintiffs appeal, and we affirm.

Plaintiffs and Randstad entered into materially identical arbitration agreements. Each agreement requires the parties to arbitrate all "covered claims," defined in relevant part as "any legal claims that relate to [the employee's] recruitment, hire, employment, and/or termination including, but not limited to, those concerning wages or compensation." Each agreement—though not Lara's, which is in Spanish but materially identical for present purposes—has the following class-and-representative-action waiver:

> I also agree that covered claims will only be arbitrated on an individual basis, and that both Randstad and I waive the right to participate in or receive money from any class, collective or representative proceeding. I may not bring a claim on behalf of other individuals, and any arbitrator hearing my claim may not combine more than one individual's claim or claims into a single case, or arbitrate any form of a class, collective, or representative proceeding.

And each agreement has the following poison pill clause: "I agree that this entire agreement is void if it is determined that I cannot waive the right to participate in or receive money from any class, collective, or representative proceeding."

Non-party Freddy Robledo[1] filed a different wage-and-hour suit against Randstad in California state court as a representative action under the Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code. § 2698 *et seq.* *Robledo v. Randstad US, L.P.*, 2016 WL 6267905, at \*1 (Cal. Ct. App. Oct. 26, 2016). "Under PAGA, 'civil penalt[ies] to be assessed and collected by the Labor and Workforce Development Agency [("LWDA")] . . . for a violation of th[e Labor] code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee.'" *Porter v. Nabors Drilling USA, L.P.*, 854 F.3d 1057, 1060 (9th Cir. 2017) (quoting Cal. Lab. Code § 2699(a)). Although the bulk of any PAGA recovery goes "to the [LWDA,] . . . 25 percent [goes] to the aggrieved employees." Cal. Lab. Code § 2699(i). That 25 percent is distributed among all aggrieved employees, not just the named PAGA representatives. *See Moorer v. Noble L.A. Events, Inc.*, 244 Cal. Rptr. 3d 219, 222 (Cal. Ct. App. 2019). Plaintiffs are among the unnamed aggrieved employees in *Robledo*.

Invoking an arbitration agreement materially identical to Plaintiffs' agreements here, Randstad moved to compel arbitration of Robledo's PAGA action. The state trial court denied the motion and the California Court of Appeal affirmed. *Robledo*, 2016 WL 6267905, at \*1. Applying *Iskanian v. CLS*

---

[1] Robledo was previously a party plaintiff in this suit. He was voluntarily dismissed after Randstad removed this case to federal court and before Randstad moved to compel arbitration.

*Transportation Los Angeles, LLC*, 327 P.3d 129 (Cal. 2014), the appellate court reasoned that where "an employment agreement compels the waiver of representative claims under the PAGA, it is contrary to public policy and unenforceable as a matter of state law." *Robledo*, 2016 WL 6267905, at *2 (quoting *Iskanian*, 327 P.3d at 149).

Plaintiffs contend that the appellate court's ruling in *Robledo* triggers the poison pill clauses in their arbitration agreements, thereby voiding those agreements and relieving them of the obligation to arbitrate their claims against Randstad. As Plaintiffs see things, *Robledo* determined that they—as aggrieved employees governed by materially identical arbitration agreements—could not waive their right to "participate in" the *Robledo* PAGA action, thereby triggering the poison pills in their agreements. As Randstad sees things, the poison pill clause in a particular employee's agreement is triggered only by a judicial determination that the employee *herself* cannot waive the right to participate in or receive money from any class, collective, or representative proceeding. Put another way, Randstad submits that for a judicial decision in Case #1 to trigger the poison pill clause in the arbitration agreement of a plaintiff in Case #2, the decision in Case #1 must in some fashion be personal to the plaintiff in Case #2, either by encompassing her as a named plaintiff or by otherwise deciding her rights under her agreement.

4

Randstad's view prevails. The poison pill clause states that the arbitration agreement "is void if it is determined that *I* cannot waive the right to participate in or receive money from any class, collective or representative proceeding" (emphasis added). The clause's deployment of the word "I" means that the poison pill is triggered only if *Robledo* in fact determined that Plaintiffs here—Jose Martinez Lopez, Fernando Lara, and Elisabeth Lopez—could not waive the right to participate in or receive money from any class or representative action.

*Robledo* did no such thing. The appellate court did not mention the ability of employees other than Robledo himself to participate in the PAGA proceeding; rather, it addressed only Robledo's ability to proceed under PAGA despite the representative action waiver in his arbitration agreement. *See Robledo*, 2016 WL 6267905, at *2–3. The point is confirmed by *Iskanian*, which explained that "a PAGA claim . . . is not a dispute between an employer and an employee arising out of their contractual relationship," but rather "a dispute between an employer and the *state*, which alleges directly or through its agents—either the [LWDA] or aggrieved employees—that the employer has violated the Labor Code." *Iskanian*, 327 P.3d at 151. At most, then, *Robledo* addressed the ability of Robledo himself to pursue a PAGA action on behalf of California, not the ability of Plaintiffs here (or any other Randstad employee) to participate in or benefit from that action.

Pressing the opposite result, Plaintiffs argue that even if *Robledo* did not determine that *they* could participate in that PAGA action, the appellate court's decision necessarily encompassed them and determined their contractual rights because the case was a representative action in which the court interpreted an arbitration agreement materially identical to theirs. By waiting for their reply brief to raise this argument, Plaintiffs forfeited it. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("It is well established in this circuit that [t]he general rule is that appellants cannot raise a new issue for the first time in their reply briefs." (quoting *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990))).

The argument is meritless in any event. As noted, a PAGA action is not a "private dispute[]," but rather "a dispute between an employer and the [LWDA]." *Iskanian*, 327 P.3d at 149. Unlike class representatives, who bring claims on behalf of absent class members, "PAGA plaintiffs are private attorneys general who, stepping into the shoes of the LWDA, bring claims on behalf of the state agency." *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1123 (9th Cir. 2014). Accordingly, *Robledo* addressed only the rights of the state (through the LWDA) and of Robledo to sue on the state's behalf, not the rights of unnamed aggrieved employees like Plaintiffs.

Plaintiffs next invoke the issue preclusion doctrine to argue that *Robledo* controls as to the enforceability of their representative action waivers. Again,

6

Plaintiffs forfeited this argument by failing to raise it until their reply brief. *See Martinez-Serrano*, 94 F.3d at 1259. And, again, the argument fails on the merits. Even if *Robledo* somehow had issue preclusive effect in this case, the decision itself does not decide whether Plaintiffs *themselves* could waive their rights to participate in or receive money from any class, collective, or representative proceeding—which means that the decision does not trigger the poison pill clauses in their agreements.

Plaintiffs next turn to a different provision in the arbitration agreement, which states: "I understand that under the National Labor Relations Act, I am not prevented from acting in concert with others to challenge this agreement in any forum, and understand that I will not be retaliated against if I act with others to challenge this agreement." In Plaintiffs' view, that provision contemplates that "employees may . . . rely upon rulings obtained by co-employees in other cases" and therefore that the poison pill clause must "be informed by the provision permitting employees to act in concert to challenge the agreement." But as already explained, the PAGA action in *Robledo* did not entail Robledo "act[ing] in concert" with his coworkers in the sense that a class representative acts in concert with absent members of the class, *see Baumann*, 747 F.3d at 1123; *Iskanian*, 327 P.3d at 151, so the premise of Plaintiffs' argument fails.

Finally, Plaintiffs contend that the poison pill clause is ambiguous and should be construed against Randstad. However, Plaintiffs never raised the issue of ambiguity below. Quite the opposite, Plaintiffs argued that the clause was "clear and unambiguous." Therefore, this issue is forfeited and we decline to consider it. *See Broad v. Sealaska Corp.*, 85 F.3d 422, 430 (9th Cir. 1996) ("Generally, an appellate court will not hear an issue raised for the first time on appeal.").

**AFFIRMED**.